PER CURIAM.
July 14, 1956, Robert Lee Graham, respondent suffered a compensable injury while in the employ of the petitioner. The petitioner paid respondent temporary total disability benefits including remedial treatment until on or about August 29, 1956, when respondent returned to his job. November 7, 1956, respondent retired on a length of service pension and on September 18, 1957, he filed a claim with the Florida Industrial Commission for permanent total disability benefits account of the industrial accident of July 14, 1956. A hearing on this claim was conducted, after which deputy commissioner entered a compensation order under date of June 25, 1958, in which he found the respondent to be permanently totally disabled. He ordered the respondent compensated at the rate of $35 per week from the date of maximum medical recovery, October 26, 1956, until “such time as there is a change in claimant’s condition if that should occur.” This order was affirmed on review by the full commission. The District Court of Appeal, Third District, declined on certiorari to review the order of the full commission.
September 25, 1959, respondent filed a claim with the Florida Industrial Commission for nursing care, contending that he had gradually gotten worse as a result of the injuries sustained in the industrial accident of July 14, 1956, necessitating the services of a practical nurse. A hearing was ordered on this claim, after which the deputy commissioner by order under date of February 4, 1960, required the petitioner to pay the respondent $35 per week for nursing services “until there is a change in his condition which would eliminate the necessity for nursing services.” This order was not appealed.
July 6, 1960, the respondent filed a claim with the Florida Industrial Commission contending that he was not receiving and had not received from petitioner the compensation awarded him by the deputy commissioner in his order of June 25, 1958. After hearing on this claim, deputy commissioner found that the respondent had not received the compensation to which he was entitled under the aforesaid compensation order. The deputy commissioner in and by his order dated December 14, 1960, required the petitioner to pay the respondent $64.65 for each two-week period since October 26, 1956, the date of maximum medical recovery, to date plus 6% annual interest from the date each payment was due. Said $64.65 was found by the deputy commissioner to represent the difference between the $35 per week compensation respondent was entitled to and the $5.35 compensation for each two weeks he was actually paid by the petitioner. The employer admitted paying the claimant only $5.35 compensation for each two-week period but claimed they made it up by giving claimant more money than he was entitled to on his longevity pension. Additionally, the deputy commissioner assessed a 20% penalty on the compensation found due the respondent for the failure of the petitioner to comply with the aforesaid compensation order entered June 25, 1958. Future compensation was awarded the respondent at the rate of $35 per week, and the petitioner was ordered to pay the respondent’s attorney a fee of $2,000. By order dated May 9, 1961, the full commission affirmed the latter order of the deputy commissioner. The full commission’s order contains the following rationale:
“Section 440.09(4), Florida Statutes [F.S.A.], provides essentially that a claimant who is receiving workmen’s compensation benefits has his pension reduced by the amount of the compensation benefits paid. In the instant cause the City of Miami has ignored the provisions of the Workmen’s Compensation Law and is apparently attempting to operate autonomously in this field. While Section 440.09(4), *753 Florida Statutes [F.S.A.], provides that the pension payment shall be reduced by the amount of the compensation payment, the City of Miami has done the opposite, and it now contends that it should be given the same credit as if it had followed the provisions of Section 440.09(4).”
We are confronted with an appeal by cer-tiorari to review the compensation order of the full commission entered May 9, 1961. The single issue presented for our determination is whether or not the petitioner complied with the compensation order entered June 25, 1958.
Petitioner contends that it has fully complied with the aforesaid compensation order of Deputy Commissioner Cohen dated June 25, 1958, by application of § 440.09(4), Florida Statutes, F.S.A., which section petitioner avers is the applicable and controlling law. That said section requires a political subdivision or quasi-public corporation of the State of Florida to reduce by the amount of compensation an employee is entitled to the pension benefits allocable to any week.
Respondent contends that the petitioner had not complied with the compensation order of June 25, 1958, because the petitioner in making payments to the respondent, has deducted from the amount of compensation due the respondent, the amount of the pension the employee is entitled to receive. That such a procedure is specifically prohibited by § 440.09(4), Florida Statutes, F.S.A.
Section 440.09(4), Florida Statutes, F.S.A., reads as follows:
“When any employee of the state or of any political subdivision thereof or of any public or quasi-public corporation therein, or any person entitled thereto on account of dependency upon such employee, receives compensation under the provisions of this chapter by reason of the disability or death of such employee resulting from an injury arising out of and in the course of employment with such employer, and such employee or dependent is entitled to receive any sum from any pension or other benefit fund to which the same employer may contribute, the amount of any payment from such pension or benefit fund allocable to any week with respect to which such employee or dependent receives compensation under this chapter shall be reduced by the amount of the compensation for such week; provided that if the amount of the payment from such pension or benefit fund allocable to any week is less than the amount of such compensation for such week only the amount of the pension or benefit payment allo-cable to such week shall be affected and the amount of the difference between the compensation and the pension or benefit payment allocable to one week shall not reduce the pension or benefit payment allocable to any subsequent week.”
Examination of the evidence discloses that the petitioner made the following payments to the respondent pursuant to the compensation order of June 25, 1958, and its retirement system: $184.36 per month, plus $5.35 every two weeks. The $184.36 per month is the amount of the long service pension respondent would have received from the petitioner had no compensation been awarded to him. Of this amount, $140.50 represents the petitioner’s contribution to its retirement system on behalf of the respondent, and $43.86 represents the respondent’s contribution to petitioner’s retirement system on his own behalf.
In attempting to comply with the award of compensation by application of the aforesaid statute, petitioner claims credit for payment to the respondent of only $140.-50 per month plus the $5.35 every two weeks, although continuously paying the additional monthly retirement benefit of $43.86. Mathematically, respondent was due to receive compensation from the peti *754 tioner aggregating $1,820 annually. In paying respondent $140.50 per month plus $5.35 every two' weeks, petitioner actually paid respondent $1,825.10 per year, or $5.10 more than the required amount.
Considering § 440.09(4), Florida Statutes, F.S.A., in its entirety, the legislative intent seems clear: That an employee shall not receive both a pension and workmen’s compensation from his employer when the employer is the state or any political subdivision thereof or a quasi-public corporation therein.
When an employee of the state or a political subdivision thereof or a quasi-public corporation therein, is entitled to a pension, and is awarded workmen’s compensation, if such pension is greater than the amount of compensation awarded, the compensation shall be deducted therefrom; and where, as in the case at bar, the pension is less than the amount of compensation awarded, the employer shall pay only the amount of compensation awarded the employee.
The record in this cause demonstrates unequivocally that the petitioner, pursuant to the compensation order of June 25, 1958, has paid the sum of $1,825.10 annually to the respondent, which sum exceeds the amount of compensation awarded to respondent by the aforesaid compensation order.
For the reasons stated herein, the compensation order of the full commission dated May 9, 1961 is quashed, and the cause remanded to the deputy commissioner for entry of a compensation order denying and dismissing the claim.
It is so ordered.
ROBERTS, C. J., and' TERRELL, THORNAL, O’CONNELL and HOBSON (Ret.), JJ., concur.