WHITE, JOS. S., Associate Judge.
The question raised by this appeal grows out of a dispute between the appellee, a former police officer of the City of St. Petersburg, and his former employer, over proper interpretation of appellee’s rights under pension laws. The question is easy to comprehend, but difficult to answer.
The police officer sustained bodily injury and on October 31, 1961, was found to have a permanent partial disability of 65%, for which he was entitled to receive disability benefits of $35.00 per week for 227^4 weeks. At a formal hearing held on that date before municipal authorities, it was agreed that the “Employee was to be rated 65% permanently totally (sic) disabled”, and “that the Employer would not resist the payment of 35% of such 65% disability rating in a lump sum”. In fact, the Employer had on that same day paid to the police officer that portion of the disability rating, less statutory discounts, in a lump sum, but without approval of the Workmen’s Compensation Commission. Subsequently, the parties applied to the Workmen’s Compensation Commission, through the Deputy Commissioner at St. Petersburg, for approval of the payment previously made, and for authority to pay the remainder of the disability benefits in a lump sum. “Lump sum” payments were provided for by Section 440.20(10), Fla.Stat.1957, F.S.A. The statute was amended in 1959 by Ch. 59-422. Before the amendment the statute read:
“Whenever the Commission determines that it is for the best interests of a person entitled to compensation, the liability of the employer for such compensation shall be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at four per cent true discount compounded annually. The probability of the death of the injured employee or other person entitled to compensation before the expiration of the period during which he is entitled to compensation shall in the absence of special circumstances making such course improper be determined in accordance with the American experience table of mortality. The probability of the happening of any other contingency affecting the amount of duration of the compensation except the possibility of the remarriage of a widow shall be disregarded. As a condition of approving a lump sum payment to a widow the Commission in its discretion may require security which will insure that in the event of the remarriage of such widow any un-accrued future payments so paid may be recovered or recouped by the employer or carrier.”
A written stipulation was filed with the Deputy Commissioner in which it was agreed, among other things, that the laws in force at the time of the injury, November 19, 1958, would control “even the procedural aspects of any lump sum settlement,[1] and that this entire matter must of necessity be referred to the Full Commission for its approval as to lump sum benefits”, and “that the Employer will withdraw its obj ection to the remaining 30% permanent partial disability being paid in a lump sum, less statutory discounts * * *
The “lump sum” payment was approved by the Full Commission December 7th, 1961. The remainder of the disability payments was paid in a lump sum January 2nd, 1962. After receipt of the final lump sum payment, the police officer applied for and on February 2, 1962, was granted retir** *893 ment benefits under the Police Pension laws of the City of St. Petersburg, amounting to $300.00 per month. Under authority of Sec. 440.09(4), Fla.Stat., F.S.A., the City deducted from the monthly pension benefits the sum of $35.00 per week, which the retired police officer would have been receiving on account of his disability had he not taken the disability award in a lump sum. The City notified him that it intended to make such deduction for the remainder of the original period of 227i/£ weeks, namely 214 weeks. This brought about the present suit by way of mandamus. The lower court ruled that the City had no such authority, and sustained the police officer’s objection to the deductions. Final judgment to this effect was entered, and the City has appealed. The question, of course, is simply whether or not Sec. 440.09(4) is to be reckoned with where the disability payments are paid in a lump sum, or only when they are paid periodically. Sec. 440.09(4) reads:
“When any employee of the state or of any political subdivision thereof or of any public or quasi-public corporation therein, or any person entitled thereto on account of dependency upon such employee, receives compensation under the provisions of this chapter by reason of the disability or death of such employee resulting from an injury arising out of and in the course of employment with such employer, and such employee or dependent is entitled to receive any sum from any pension or other benefit fund to which the same employer may contribute, the amount of any payment from such pension or benefit fund allocable to any week with respect to which such employee or dependent receives compensation under this chapter shall be reduced by the amount of the compensation for such week; provided that if the amount of the payment from such pension or benefit fund allocable to any week is less than the amount of such compensation for such week only the amount of the pension or benefit payment allocable to such week shall be affected and the amount of the difference between the compensation and the pension or benefit payment allocable to one week shall not reduce the pension or benefit payment allocable to any subsequent week.”
If the interpretation of the lower court is to be accepted, the result is obvious: Those finding themselves in a position similar to that occupied by appellee will apply for lump sum settlement of their awards. Those who receive the favor of the Workmen’s Compensation Commission and are allowed payment in a lump sum may ultimately benefit over those who are not so favored. This, contend appellants, works an evil condemned by the “equal protection” clause of the Constitution. Appellants remind this Court that interpretation of statutes is favored which avoids unconstitutionality.
The “stipulations” and “waivers” are unimportant to a consideration of the question in this case. Public Officers were involved and the moneys were public funds. Public funds may not be prejudiced or impaired by waivers or agreements which ignore regulations adopted for the protection of the fund. Otherwise, a “give-away” of public funds might result.
The parties have referred this Court to no precedent dealing with the identical question now under consideration. They refer to Opinions of the Attorney General, No. 056-63 (1955-1956 Biennial Report of the Attorney General, page No. 534), No. 058-335 (1957-1958 Biennial Report of the Attorney General, page 919), and City of Miami v. Graham, Fla.1962, 138 So.2d 751.
In the Attorney General’s Opinion No. 056-63, it appears that an employee of the State Road Department was retired and began receiving retirement benefits. Previously he had applied for compensation under the Workmen’s Compensation Act. A disability award was made after the retired employee had been receiving periodical retirement payments. It appeared that upon computing the disability award retro *894 actively, the amount to he paid would exceed the retirement compensation to which the retired employee would have been entitled under Sec. 440.09(4), had he throughout the period of receipt of retirement pay, likewise received periodical disability payments. The question presented related to the proper application of Sec. 440.09(4), in the light of the fact that past due disability payments were to be computed retroactively and paid in a lump sum. The Attorney General took the stand that it was the duty of the officials of the State of Florida to set-off against the disability award the overpayment of retirement benefits calculated in accordance with Sec. 440.09(4).
In City of Miami v. Graham, supra, the Supreme Court of Florida came to the same conclusion in a similar situation.
In the Opinion of the Attorney General No. 058-335, it appears that an employee of the State Road Department was injured and received an award of weekly benefits for the period beginning December 16, 1957 and ending July 3, 1959. The compensation was paid in advance in a lump sum under the provisions of Sec. 440.20(10). A question arose on account of the provisions of Sec. 122.03(8), that “[a]ny state or county officer or employee who is receiving workmen’s compensation payments may contribute to the retirement trust fund during the time such compensation is being received”. The question raised was whether or not contributions to the retirement fund could be made throughout the period of future disability as fixed by the compensation award, notwithstanding that the award had been paid in advance in a lump sum. It was the opinion of the Attorney General that the phrase, “during the time such compensation is - being received”, applies, not only where the compensation is being paid in installments, but also where it is paid in a lump sum. The Attorney General said:
“To hold that said § 122.03(8) is only applicable when monthly installments are paid and not when the compensation is paid in a lump sum would raise a serious question of equal protection of the law as between the two classes. The statute provides such right ‘during the time such compensation is being paid,’ and the statutes provide for both installment and lump sum payments. Compensation is paid for the same period, whether paid in installments or in a lump sum. Although the compensation may be received in a lump sum, it is nevertheless for the duration of the injury as measured by the workmen’s compensation law, as it would be if paid in installments.”
It will be observed that Sec. 440.09(4), providing for a reduction of compensation payments by the amount received from pension or other benefit funds, applies only to employees “of the state or of any political subdivision thereof or of any public or quasi-public corporation therein”. It is stated in City of Miami v. Graham, supra, regarding the statute, that:
“ * * * the legislative intent seems clear: That an employee shall not receive both a pension and workmen’s compensation from his employer when the employer is the state or any political subdivision thereof or a quasi-public corporation therein.”
The authorities to which reference has been made indicate a desire to interpret these laws to the end that such legislative intent be preserved. It is obvious that a different rule now will open the way ultimately to circumvent the statute and defeat the legislative purpose in enacting the law. This Court is reluctant to set any such precedent. Accordingly, the stand taken by the lower court is rejected in favor of the rule which sanctions the right of the City to make the deductions in accordance with the statute, notwithstanding the previous lump sum payment. The judgment is reversed with directions to the lower court to dismiss the mandamus proceeding. Reversed.
ALLEN, Acting C. J., and SMITH, J., concur.

. In Sullivan v. Mayo, Fla.1960, 121 So.2d 424, it was said:
“It is well established in Florida that the substantive rights of the respective parties under the Workmen’s Compensation Law are fixed as of the time of the injury to the employee.”