PER CURIAM.
This is an appeal from a final declaratory judgment wherein the court held:
“ * * * the procedure utilized by the City of Miami, a municipal corporation, in reducing plaintiff MARTIN C. HERNDON’S retirement allowance by the amount of Workmen’s Compensation benefits previously paid to MARTIN C. HERNDON while in the employment of the City of Miami for accidental injury prior to his award of retirement under § 2-91(1) of the Miami City Code, is illegal, void, and conflicts with Florida Statute 440.09(4).”
The City of Miami as appellant urges that the procedure it wishes to follow is authorized by the provisions of § 2-91(15) City of Miami Code. A review of the provisions of the code establishes that it expresses the same intent as the statute.
The plain meaning of the language of § 440.09(4), Fla.Stat., F.S.A. is that the City of Miami is not authorized to reduce Hern-don’s retirement allowance by the amount of workmen’s compensation benefit payments made to Herndon while he was still employed by the City of Miami and before he retired from that employment.
None of the other contentions advanced by the City has merit. Therefore the judgment is affirmed. Cf. City of Miami v. Graham, Fla.1962, 138 So.2d 751; Purdy v. Covert, Fla.App.1963, 151 So.2d 891.
Affirmed.