PEARSON, Judge.
The City of Miami appeals from a summary final judgment for the plaintiff-ap-pellee in a suit for declaratory relief. In essence the relief the appellee sought was the return to him of money withheld by the city from his accidental disability pension payments. The City had withheld a portion of appellee’s pension payments under an ordinance which allowed the city to recoup amounts paid under a workmen’s compensation award from a subsequent award of a disability pension.
This cause was pending when this court determined the rights of similarly situated parties in City of Miami v. Herndon, Fla. App.1968, 209 So.2d 487. The circuit judge entered his judgment in accordance with the following quotation from that case:
“The plain meaning of the language of § 440.09(4), Fla.Stat., F.S.A. is that the City of Miami is not authorized to reduce Herndon’s retirement allowance by the amount of workmen’s compensation benefit payments made to Herndon while he was still employed by the City of Miami and before he retired from that employment.”
In its judgment for the appellee the court ordered the city to return to the plaintiff-appellee “a sum of money amounting to all that which has been deducted from the plaintiff’s pension by the defendant with the exception of $168.” The $168 represented the amount of four weekly workmen’s compensation-payments accruing and paid after the pension payments started.
The question on this appeal arose out of the fact that the plaintiff-appellee prior to the effective date of his accidental disability pension had been given several advance lump-sum workmen’s compensation payments which had not accrued to his credit at the time his pension payments started. These advance payments are permitted under the practice in workmen’s compensation courts as an aid and courtesy to the claimant who may have outstanding bills or pressing needs. The basis for our decision in City of Miami v. Herndon, above, was § 440.09(4), Fla.Stat., F.S.A. This section provides at the effective part thereof “the amount of any payment from such pension or benefit fund allocable to any week with respect to which such employee or dependent receives compensation under this chapter shall be reduced by the amount of the compensation for such week.”
At the time our opinion in the Herndon case was filed the District Court of Appeal for the Second District had already decided Purdy v. Covert, Fla.App.1963, 151 So.2d 891. The Purdy decision was cited in our opinion in the Herndon case. Purdy v. Covert squarely upholds “the right of the City to make the deductions in accordance with the statute, notwithstanding the previous lump- sum payment.” The language of the statute and the authorities cited in Purdy v. Covert fully support that holding.
The parties agree that the facts are not in dispute. We reverse the judgment appealed and remand this cause with directions to enter an amended final judgment. The amended judgment shall provide that the city is entitled to deduct from the pension payments the amount of the work *389 men’s compensation payments which the ap-pellee has been awarded and are allocable to the weeks covered by pension payments, regardless of whether the workmen’s compensation payments were paid in a lump sum or not.
Reversed and remanded with directions.