WALDEN, Judge
(dissenting):
I respectfully dissent as I am of the opinion that the interpretation of Section 440.09 (4), F.S.1967, F.S.A., in the Supreme Court case of City of Miami v. Graham, Fla. 1962, 138 So.2d 751, is controlling and contra to the majority opinion in the instant case.
The basic question is whether the provision in Section 440.09(4), F.S. 1967, F.S.A., that workmen’s compensation awards are to be deducted from any pension received by employees of the state or its political subdivision, is applicable to all pensions or only pensions awarded because of disability. The plaintiff’s pension in the instant case was based on a 15 year service retirement plan. The majority holds that the offset provided by the statute is only intended for disability pensions and thus not applicable to the plaintiff. I cannot agree.
In City of Miami v. Graham the claimant had “retired on a length of service pension.” The city did not reduce the amount of pension by workmen’s compensation payments as provided by Section 440.09(4), F.S. 1967, F.S.A., but merely withheld most of the compensation and paid the full amount of pension. The result was that the claimant actually received slightly more than he would have if the statutory procedure had been followed. It was held that the city did not have to reimburse the claimant for the workmen’s compensation payments not paid. The court stated that the intent of the statute was: “That an employee shall not receive both a pension and workmen’s compensation from his employer when the employer is the state or any political subdivision thereof or a quasi-public corporation therein.”
Furthermore, the pension in City of Miami v. Graham was $184.36 per month; of that amount the city had contributed $140.50, and the claimant had paid in $43.86 during his employment. However, the court did not note that the claimant had any sort of vested interest in the pension.
Likewise, in the case of Purdy v. Covert, Fla.App.1963, 151 So.2d 891, it was held that what a retired policeman would have received per week on a workmen’s compensation award was deductible from his pension even though it was awarded in a lump sum before he retired. The claimant in this case “was granted retirement benefits under the Police Pensions laws of the City of St. Petersburg * * *.” (Emphasis supplied.)
I would reverse because I believe that the instant case is controlled by the authority of City of Miami v. Graham, supra, and Purdy v. Covert, supra.