PER CURIAM.
The appellees were plaintiffs below, having filed this law suit as a class action. In the trial court, they alleged that the city of Miami acted illegally when it deducted from their retirement funds certain monies representing workmen’s compensation payments that had been made to the appellees prior to their retirement. The trial Court granted a partial summary judgment as to the issue of liability, basing its decision upon City of Miami v. City of Herndon, Fla.App. 1968, 209 So.2d 487.
Having examined the germane facts of the instant case, we hereby hold that the trial judge was eminently correct when he applied the principles of Herndon, supra, to the case at bar. In Herndon, we stated that:
“The plain meaning of the language of § 440.09(4), Fla.Stat., F.S.A. is that the City of Miami is not authorized to reduce Herndon’s retirement allowance by the amount of workmen’s compensation benefit payments made to Herndon while he was still employed by the City of Mi *72 ami and before he retired from that employment.”
It is undisputed that the members of the class bringing this action received a reduction in the retirement allowance by the amount of the workmen’s compensation payments that had been made to them. The above cited principle is applicable to the case at bar.
Affirmed.