339 So.2d 1145 (1976)
Lawrence HOFFKINS, Appellant,
v.
The CITY OF MIAMI, a Municipal Corporation, et al., Appellee.
No. 75-722.
District Court of Appeal of Florida, Third District.
December 1, 1976.
Rehearing Denied December 21, 1976.
Nachwalter, Christie & Falk and Steven P. Kronenberg, Miami, for appellant.
George F. Knox, Jr., City Atty., and Margaret A. Benton, Asst. City Atty., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
Lawrence Hoffkins is a retired police officer of the City of Miami. He is receiving a disability pension under the City of Miami retirement system. He is also receiving $66.00 per week workmen's compensation benefits. Both payments arise out of an injury incurred in the course of Officer Hoffkins's employment as a police officer. The City of Miami under the claimed authority of City of Miami Ordinance 41-406(15) *1146 has deducted the amount of $66.00 workmen's compensation benefit from the pension check. Hoffkins claims that the deduction is illegal and that he is entitled to his pension payment in full. In order to secure a judicial determination of his rights, he brought an action against the City of Miami for a declaratory judgment. In his complaint, Hoffkins asserted the invalidity of the City of Miami ordinance which authorized the deduction.[1] The trial court dismissed the complaint and this appeal is from that judgment.
Ordinarily, a complaint for a declaratory judgment which states a genuine doubt as to the rights of the plaintiff will not be dismissed without a declaration of plaintiff's rights. Cf. Safer v. City of Jacksonville, 212 So.2d 785 (Fla. 1st DCA 1968). In the present case, the court did, in fact, enter such a declaratory judgment because its order and opinion held the ordinance to be valid and to authorize the deduction.[2] Appellant's brief does not challenge the judgment appealed on any grounds other than the claimed invalidity of the ordinance. The points presented are: (1) The ordinance is violative of the Florida Workmen's Compensation Act, and of the prevailing law and public policy. (2) The ordinance violates the due process clauses of the United States and Florida Constitutions.
Under his first point, plaintiff argues that the ordinance in effect forces a police officer who is on pension and is a workmen's compensation claimant involuntarily to waive his rights to the workmen's compensation law in contravention of Section 440.21(2), Florida Statutes, which provides: "(2) No agreement by an employee to waive his right to compensation under this chapter shall be valid." The trial court reasoned that if the former state statute (Section 440.09(4) Laws of Florida 1953, repealed effective July 1, 1973) was valid before repeal (see City of Miami v. Graham, 138 So.2d 751 (Fla. 1962), then a City ordinance providing for the same deduction was also valid. We think that the court's reasoning is correct. This especially true in the present instance where, under the Municipal Home Rule Powers Act, Chapter 73-129, Laws of Florida 1973 (Chapter 166, Florida Statutes), municipalities are granted all powers exercisable by the state with the exception of areas expressly forbidden or preempted by the constitution, general law, county charter or certain special laws of the state.
*1147 The City of Miami offset does not go beyond its own contributions to the pension fund, and the offset is equivalent to the amount of the workmen's compensation benefit which is totally financed by the City of Miami.
Appellant's second point does not present error because appellant is not treated different from other workmen's compensation claimants. He receives the compensation payment but the payment is offset under the public pension plan of which he is a member. We find that no constitutional question is involved.
Affirmed.
NOTES
[1] City of Miami ordinance 41-406(15):

"Pension Offset by Compensation Benefits.
(15) Any amounts which may be paid or payable under the provisions of any state workmen's compensation or similar law to a member or to the dependents of a member on account of any disability or death shall be offset against and payable in lieu of any benefits payable out of funds provided by the city under the provisions of the retirement system on account of the same disability or death. In case a pension is payable under this retirement system and the present value of the total commuted benefits under such workmen's compensation or similar law is less than the pension reserve on the benefits otherwise payable from funds provided by the city under this retirement system, the present value of the commuted payments shall be deducted from the pension reserve and such benefits as may be provided by the pension reserve so reduced shall be payable under the provisions of the retirement system."
[2] * * *

"1. As to Count I, the Court finds that under the facts as stated in the Complaint, the Plaintiff has failed to state a cause of action. Paragraph 10 of the Complaint herein states that the Defendants permitted an offset of Plaintiff's pension by Plaintiff's Workmen's Compensation benefits under Municipal Ordinance § 41-406(15). The Court finds that said Municipal Ordinance expresses the same intent as former Florida Statute § 440.09(4). Further, § 440.09(4), now repealed was valid and legal under Purdy v. Covert, Fla.App. (2nd) 1963, 151 So.2d 891; City of Miami v. Clark, Fla.App. (3rd) 1969, 223 So.2d 387, and City of Miami v. Graham, Fla. 1962, 138 So.2d 751. Although said statute has now been repealed, no new legislation has prohibited the action that was allowed thereunder. Thus the action allowed under F.S. § 440.09(4) is still permissible under Municipal Ordinance. Therefore, the action of Plaintiff in offsetting pension by Compensation is permissible under Municipal Ordinance 41-406(15)."
* * * * * *