634 So.2d 163 (1994)
CITY OF MIAMI, Petitioner,
v.
Ronald BELL, Respondent.
CITY of MIAMI, Petitioner,
v.
Frank AROSTEGUI, Respondent.
CITY of MIAMI, Petitioner,
v.
Richard McLEAN, Respondent.
CITY of MIAMI, Petitioner,
v.
George A. MEYER, Respondent.
CITY of MIAMI, Petitioner,
v.
Robert THOMAS, Respondent.
CITY of MIAMI, Petitioner,
v.
Robert FAIR, Respondent.
CITY of MIAMI, Petitioner,
v.
John HICKEY, Respondent.
CITY of MIAMI, Petitioner,
v.
Kenneth A. LEIBNITZER, Respondent.
CITY of MIAMI, Petitioner,
v.
Edward J. KING, Respondent.
CITY of MIAMI, Petitioner,
v.
Orlando PAREDES, Respondent.
CITY of MIAMI, Petitioner,
v.
Robert L. DAUGHERTY, Respondent.
Nos. 80524, 80560, 80575, 80652, 80683, 80728, 80981, 80998, 80999, 81340 and 81554.
Supreme Court of Florida.
March 3, 1994.
Rehearing Denied April 11, 1994.
*164 A. Quinn Jones, III, City Atty. and Kathryn Pecko, Asst. City Atty., and Arthur J. England, Jr. and Charles M. Auslander, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for petitioner.
Richard A. Sicking, Miami, for respondents Ronald Bell, George A. Meyer, Robert Fair, John Hickey, Kenneth A. Leibnitzer, Edward J. King, Orlando Paredes and Robert L. Daugherty.
Mark L. Zientz, Williams & Zientz, Miami, for respondents Frank Arostegui and Robert Thomas.
Paul J. Kneski, Kneski & Kneski, Miami, for respondent Richard McLean.
PER CURIAM.
We have for review City of Miami v. Bell, 606 So.2d 1183 (Fla. 1st DCA 1992), in which the district court certified the following question as one of great public importance:
IS SECTION 440.20(7) APPLICABLE UNDER THE CIRCUMSTANCES OF THIS CASE, AND IF SO, CAN THE CITY OF MIAMI, BE LEGALLY EXCUSED FROM PAYING A PENALTY PURSUANT TO THAT SECTION ON THE AMOUNT OF PENSION OFFSET MONIES WITHHELD IN THE PAST BECAUSE THE CITY DID SO IN GOOD FAITH RELIANCE ON THE VALIDITY OF THE CITY ORDINANCE AUTHORIZING THE PENSION OFFSET IN VIEW OF THE APPELLATE DECISIONS APPROVING ITS VALIDITY?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
A city ordinance authorized the City of Miami (City) to reduce disability pension benefits for its retired employees in an amount equal to the workers' compensation benefits they were entitled to receive for the disabling event. This Court held the ordinance invalid based upon the legislature's 1973 repeal of section 440.09(4), Florida Statutes *165 (1971).[1]Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989). The City continued to deduct the offset until August 1, 1989.
Respondent, Ronald Bell, a Miami firefighter, was injured in a compensable accident on January 23, 1985. On September 24, 1987, Bell began drawing permanent total disability (PTD) workers' compensation benefits of $307 per week. On the same date, Bell's disability retirement pension benefits became effective. From September 24, 1987, until August 1, 1989, the City offset Bell's PTD benefits against his monthly disability retirement pension on authority of the invalid ordinance. After August 1, 1989, the City paid full PTD and pension benefits to Bell.
On July 19, 1989, Bell submitted a claim for reimbursement of his pension offsets, with interest, penalties, costs and attorneys' fees. The City filed a notice to controvert with the Division of Workers' Compensation on August 14, 1989. The Judge of Compensation Claims rejected the City's defenses and awarded Bell benefits of $307 per week for the offset portion, with interest, costs, attorneys' fees and a ten-percent penalty pursuant to section 440.20, Florida Statutes (1985).[2] The First District Court of Appeal affirmed the order and certified the above question.
The Bell case has been consolidated with ten others.[3] In each, the respondent is a City employee injured in a compensable accident between 1973 and 1989. All were awarded reimbursement for their pension offsets with interest, a ten-percent penalty, costs and attorneys' fees, and the awards were affirmed on appeal.
As noted above, this Court held in Barragan that the 1973 repeal of section 440.09(4), Florida Statutes (1971), had the effect of invalidating the City ordinance. We rejected the ordinance as contravening section 440.21, Florida Statutes (1987), which prohibits the City from deducting from the employee's income a contribution to pay workers' compensation benefits. We must now decide whether Barragan is to be applied prospectively only.
*166 We conclude that our decision in Barragan has no effect on the amount of disability payments owed by the City to pensioners except for those payments accruing after the effective date of that decision. From 1973 until the date Barragan was decided, the City of Miami followed its ordinance in reducing disability payments by an amount equal to workers' compensation benefits. The Third District Court of Appeal upheld this practice. Hoffkins v. City of Miami, 339 So.2d 1145 (Fla. 3d DCA 1976). The City's budgeting for salary and benefits as well as its allocation of tax resources was made in reliance on the ordinance and existing caselaw. Holding the City liable for past offsets would require a reallocation of municipal services and subject today's taxpayers to yesterday's fiscal obligations.
The City's contracts with its employees recognized the City's right to an offset. To now hold the City liable for past offsets would effectively modify completed contracts without affording the City an opportunity to renegotiate the other terms of those contracts, such as salaries and benefits. When contractual rights are adversely affected in such a manner, we are reluctant to apply a decision retroactively. Florida Forest & Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944). We note that our rulings in Martinez v. Scanlan, 582 So.2d 1167 (Fla. 1991), and National Distributing Co. v. Office of Comptroller, 523 So.2d 156 (Fla. 1988), were prospective only.
To the extent the offset was taken prior to Barragan, City employees have received what their contracts called for when their rights vested. Present and future benefits required by Barragan can be adjusted without serious financial consequence for City taxpayers; but to require back benefits for prior years would be fiscally unjust to the taxpayers of the City of Miami.
Accordingly, the City must reimburse claimants for only those offsets taken after the effective date of Barragan, i.e., July 14, 1989. The penalty provision of section 440.20, Florida Statutes (1985), is inapplicable to offsets taken prior to that date, but applicable to those taken after.
To the extent it is inconsistent with our present opinion, we quash Bell and remand for proceedings consistent with this opinion.[4]
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., recused.
NOTES
[1] Section 440.09(4) provided that any workers' compensation benefits payable to injured public employees should be reduced by the amount of pension benefits that were also payable. Private employers were prohibited from taking offsets for workers' compensation benefits by section 440.21, which states:

(1) No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation or medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this chapter shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.083.
(2) No agreement by an employee to waive his right to compensation under this chapter shall be valid.
[2] Section 440.20, Florida Statutes (1985), requires that workers' compensation payments made by employers are to be made when due without the claimant having to file a formal claim. Subsection 440.20(7) provides in part:

If any installment of compensation for death or dependency benefits, disability, permanent impairment, or wage loss payable without an award is not paid within 14 days after it becomes due, as provided in subsection (2), subsection (3), or subsection (4), there shall be added to such unpaid installment a punitive penalty of an amount equal to the greater of 10 percent of the unpaid installment or $5, which shall be paid at the same time as, but in addition to, such installment of compensation, unless notice is filed under subsection six (6) or unless such nonpayment results from conditions over which the employer or carrier had no control.
Subsection 440.20(6) provides in part:
If the employer or carrier initially accepts the claim but subsequently controverts the claim, it shall file with the division a notice to controvert, within 10 days after the date of initial cessation of benefits... .
[3] City of Miami v. Arostegui, No. 80,560 (police officer injured November 2, 1976); City of Miami v. McLean, No. 80,575 (sanitation worker injured August 26, 1976); City of Miami v. Meyer, No, 80,652 (firefighter injured March 13, 1976); City of Miami v. Thomas, No. 80,683 (police sergeant injured November 12, 1976); City of Miami v. Fair, No. 80,728 (firefighter injured June 18, 1975); City of Miami v. Hickey, No. 80,981 (police officer injured March 19, 1977); City of Miami v. Leibnitzer, No. 80,998 (firefighter injured July 10, 1979); City of Miami v. King, No. 80,999 (firefighter injured January 10, 1975); City of Miami v. Paredes, No. 81,340 (police officer injured November 23, 1979); and City of Miami v. Daugherty, No. 81,554 (firefighter injured March 9, 1982).
[4] We quash the district court decisions in the consolidated cases, see supra note 3, and remand for proceedings consistent with this opinion.