PER CURIAM.
This is another appeal which has arisen from the supreme court’s decision in Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989), invalidating a Miami ordinance which authorized the City to reduce disability pension benefits for retired employees in an amount equal to the retired employee’s workers’ compensation benefits. We are asked to review an order of a judge of compensation claims awarding Robert Vallejo permanent total disability benefits equal to the offset (plus penalties and accrued interest) taken by the City in the period prior to the Barra-gan decision. The order below also awarded reimbursement to Vallejo for sick leave allegedly improperly expended by the City prior to Vallejo’s termination. Finding the order erroneous with respect to each award, we reverse and remand to the judge of compensation claims for further proceedings.
Mr. Vallejo was a City of Miami police officer injured in the line of duty on November 17, 1978. The City administratively accepted Vallejo as permanently totally disabled on January 22, 1982, and at that time began paying him compensation benefits of $126 per week. Mr. Vallejo also began drawing his disability pension of $1372.67, less the monthly total of his compensation benefits of $546.00. On December 6, 1983, a judge of compensation claims awarded Mr. Vallejo an advance on his compensation benefits of $67,-500, which the City was to recover by withholding Vallejo’s weekly compensation check until such time as the advance was “repaid.” The 1983 claim for benefits that resulted in the advance also included a claim for reinstatement of sick leave time which Vallejo alleged was improperly expended by the City in maintaining Vallejo on the payroll at full salary in 1981, prior to the City's acceptance of Vallejo as permanently totally disabled. The December 6, 1983 order, although acknowledging the claim, failed to rule on that issue.
The May 19, 1993 order erroneously gave retroactive effect to the Barragan decision. The judge of compensation claims was, *222 of course, without the benefit of City of Miami v. Bell, 634 So.2d 163 (Fla.1994) when this order was entered. The award of past compensation benefits, penalties, and interest is reversed. On remand the judge should recalculate the amount of the advance which remains outstanding in accordance with Bell.
The award to Mr. Vallejo of reimbursement for the 658 hours of sick leave is also reversed. This issue was raised by Mr. Vallejo in his 1983 claim for benefits when the judge of compensation claims failed to rule on it, thereby, in effect, denying it. The claimant’s remedy was by review of that order, which is now final, since time for appeal has long ago expired. See City of Hialeah v. Cascardo, 443 So.2d 448, 450 (Fla. 1st DCA 1984); Hunt v. International Minerals and Chemicals Corp., 410 So.2d 640 (Fla. 1st DCA 1982). The judge of compensation claims lacked any authority to revisit the question.
ALLEN, LAWRENCE and BENTON, JJ., concur.