PER CURIAM.
There was no legal basis under section 440.34(1), Florida Statutes (1973) for the assessment of attorney’s fees against the employer and carrier. Therefore, we reverse the award of attorney’s fees in favor of the claimant.
Moreover, we reject the State’s argument regarding the calculation of the social security offset. In Acker v. City of Clearwater, 755 So.2d 651 (Fla. 1st DCA 1998), we held that the offset should not be recalculated each year to include the yearly increases in permanent total disability supplemental benefits. As we did in Acker, we certify the following question:
WHERE AN EMPLOYER TAKES A WORKERS’ COMPENSATION OFFSET UNDER SECTION 440.20(15), FLORIDA STATUTES (1985), AND INITIALLY INCLUDES SUPPLEMENTAL BENEFITS PAID UNDER SECTION 440.15(l)(e)(l), FLORIDA STATUTES (1985), IS THE EMPLOYER ENTITLED TO RECALCULATE THE OFFSET BASED ON THE YEARLY 5% INCREASE IN SUPPLEMENTAL BENEFITS?
In all other respects the order of the judge of compensation claims is affirmed.
Affirmed in part and reversed in part.
BENTON, VAN NORTWICK and PADOVANO, JJ., concur.