753 So.2d 108 (1998)
DEPARTMENT OF TRANSPORTATION and Florida Department of Insurance, Appellants,
v.
Tony JOHNS, Appellee.
No. 98-1272.
District Court of Appeal of Florida, First District.
November 10, 1998.
David A. McCranie of McCranie & Lower, P.A., Jacksonville, for Appellants.
Sylvan A. Wells, Daytona Beach, for Appellee.
PER CURIAM.
This cause is before us on appeal from an order of the Judge of Compensation Claims (hereinafter JCC) ordering the Employer/Carrier to recalculate the offset taken under section 440.20(15), Florida Statutes, and to exclude from the offset calculation permanent total disability supplemental benefits. We recently addressed this issue in Acker v. City of Clearwater, 755 So.2d 651 (Fla. 1st DCA 1998). We affirm the JCC's order to the extent that it orders the E/C to exclude the yearly increases in PTD supplemental *109 benefits. We reverse, however, the JCC's determination that PTD supplemental benefits should be excluded from the initial offset calculation. See Acker, supra; Hunt v. Stratton, 677 So.2d 64, 67 (Fla. 1st DCA 1996).
Accordingly, we affirm in part and reverse in part, and certify the following question:
WHERE AN EMPLOYER TAKES A WORKERS' COMPENSATION OFF-SET UNDER SECTION 440.20(15), FLORIDA STATUTES (1985), AND INITIALLY INCLUDES SUPPLEMENTAL BENEFITS PAID UNDER SECTION 440.15(1)(e)(1), FLORIDA STATUTES (1985), IS THE EMPLOYER ENTITLED TO RECALCULATE THE OFFSET BASED ON THE YEARLY 5% INCREASE IN SUPPLEMENTAL BENEFITS?
BOOTH, BENTON and PADOVANO, JJ., concur.