778 So.2d 299 (1999)
HRS DISTRICT II and Alexsis Claims Management, Cross-Appellees,
v.
Ann L. PICKARD, Appellee/Cross-Appellant.
No. 98-1097.
District Court of Appeal of Florida, First District.
July 19, 1999.
Opinion Denying Rehearing October 15, 1999.
David A. McCranie of McCranie & Lower, P. A., Jacksonville, for Appellants/Cross-Appellees.
R. Jeremy Solomon of Solomon & Proctor, Tallahassee, for Appellee/Cross-Appellant.
Barbara E. Schnepper, P.A., Miami, Amicus Curiae, Florida Workers' Advocates.
Emily Moore, Tallahassee, Amicus Curiae, Florida Division of Retirement.
ERVIN, J.
This is an appeal challenging the application of the 100 percent average weekly wage (AWW) cap and resulting offset arising under section 440.20(15), Florida Statutes (Supp.1986), and Escambia County Sheriffs Department v. Grice, 692 So.2d 896 (Fla.1997). The employer and its insurance carrier, HRS District II and Alexsis Risk Management (E/C), argue on appeal that the judge of compensation claims (JCC) erred by excluding the claimant's permanent total disability (PTD) supplemental benefits and cost-of-living adjustments from the 100 percent AWW cap. We agree with the E/C to the limited extent that the JCC failed to include supplemental benefits in the initial calculation, as provided in the formula set forth in Hunt v. Stratton, 677 So.2d 64 (Fla. 1st *300 DCA 1996), but otherwise affirm the JCC's ruling. Claimant, Ann L. Pickard, raises three issues on cross-appeal. We affirm the first two without further comment, but reverse and remand as to the third issue regarding the retroactive application of the 100 percent AWW cap and offset applied.
Turning first to the E/C's issue on appeal, the JCC found, using the figures in effect in 1989, that when claimant became entitled to PTD benefits, her weekly social security disability benefit was $128.95, that her weekly state disability retirement benefit was $123.37, and that her AWW was $316.47. In determining the 100 percent AWW cap and resultant offset available to the E/C under section 440.20(15) and Grice, the JCC subtracted the total sum of claimant's weekly social security disability and state disability retirement benefits ($252.32) from her $316.47 AWW, which yielded a difference of $64.15. The JCC then directed the E/C to pay the claimant the sum of $64.15 per week for PTD benefits, plus interest and penalties, from August 1, 1989, when claimant first became entitled to same, through September 25, 1996, when the E/C commenced paying PTD benefits.
The correct formula for determining an initial social security disability offset is set forth in Hunt v. Stratton, 677 So.2d 64, 67 (Fla. 1st DCA 1996). When calculating the offset, a claimant's initial compensation rate and PTD supplemental benefits should be considered. Because the JCC's offset calculation fails to include the amount of PTD supplemental benefits to which claimant was first entitled in 1989 under section 440.15(1)(e)1, Florida Statutes (Supp.1986), we reverse the order only to such extent and remand with directions to recalculate the offset by including the 1989 supplemental benefit in the calculation.
We reject, however, the E/C's argument that the offset should be recalculated thereafter on an annual basis. This court has repeatedly held that offsets should not be recalculated based on annual increases in PTD supplemental benefits and cost-of-living adjustments. See Acker v. City of Clearwater, 755 So.2d 651 (Fla. 1st DCA 1998), review granted, 727 So.2d 903 (Fla. Feb.8, 1999); Hahn v. City of Clearwater, 755 So.2d 137 (Fla. 1st DCA 1998), review granted, 727 So.2d 903 (Fla. Feb.8, 1999); Rowe v. City of Clearwater, 755 So.2d 137 (Fla. 1st DCA 1998), review granted, 727 So.2d 903 (Fla. Feb.8, 1999); Department of Labor & Employment Sec. v. Boise Cascade Corp., 23 Fla. L. Weekly D2124, ___ So.2d ___, 1998 WL 597860 (Fla. 1st DCA Sept.11, 1998), review granted, 727 So.2d 904 (Fla. Feb.3, 1999); Department of Transp. v. Johns, 753 So.2d 108 (Fla. 1st DCA 1998), review granted, 727 So.2d 904 (Fla. Feb.3, 1999); Alderman v. Florida Plastering, 748 So.2d 1038 (Fla. 1st DCA 1998), review granted, No. 94,511, 732 So.2d 326 (Fla. May 5, 1999); Americana Dutch Hotel v. McWilliams, 733 So.2d 536 (Fla. 1st DCA 1999), review pending, No. 95,229 (Fla. Apr. 1, 1999) (pet. for rev. filed). In accordance with the above cases, we certify the same question certified in Acker.
Turning next to the cross-appeal, we reverse the order to the extent it allows the 100 percent AWW cap and resultant offset arising under section 440.20(15) and Grice to be applied to benefits owed since August 1, 1989. The E/C specifically claims overpayments based on Grice, an argument suggesting that Grice interpreted section 440.20(15) in a manner contrary to existing law. Because the effect of this new application is to reduce claimant's benefits, we decline to apply it retroactively to August 1, 1989. Compare City of Miami v. Bell, 634 So.2d 163 (Fla.1994) (refusing to apply ruling in Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), retroactively to require City of Miami to repay offsets that were improperly taken from the claimants' pensions).
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
WOLF and WEBSTER, JJ., CONCUR.

*301 ON MOTION FOR REHEARING OR CLARIFICATION AND MOTION FOR REHEARING EN BANC

ERVIN, J.
Appellants, HRS District II and Alexsis Claims Management (the employer/carrier or E/C), contend that this court erroneously relied on City of Miami v. Bell, 634 So.2d 163 (Fla.1994), in deciding that the 100 percent average weekly wage (AWW) cap allowed under section 440.20(15), Florida Statutes (Supp.1986), and Escambia County Sheriffs Department v. Grice, 692 So.2d 896 (Fla.1997), should not be retroactively applied to August 1, 1989, the date from which compensation benefits were due. We disagree, because we understand the ruling in Bell as one among many which upholds the exception to the general rule of retrospective and prospective application of judicial decision. See Florida Forest & Park Serv. v. Strickland, 154 Fla. 472, 18 So.2d 251, 253 (1944). We choose to write on this issue, however, to clarify our reasoning.
The E/C admits that Grice is a case of first impression. There, the Florida Supreme Court for the first time interpreted section 440.20(15) as applying the 100 percent AWW cap discussed in Brown v. S.S. Kresge Co., 305 So.2d 191 (Fla.1974); Domutz v. Southern Bell Tel. & Tel. Co., 339 So.2d 636 (Fla.1976); and Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), to the combination of workers' compensation, social security disability, and state disability retirement benefits.
In Grice, the claimant was injured in 1985 and thereafter began receiving social security disability, state disability retirement and permanent, total disability (PTD) benefits under the Workers' Compensation Law. It was not until June 1993 that the employer in Grice first asserted an offset based on the combination of all three types of benefits. The JCC approved the offset, but this court reversed for the reasons that there was no authority to offset state disability retirement benefits. See Grice v. Escambia County Sheriff's Dept, 658 So.2d 1208 (Fla. 1st DA 1995). The Florida Supreme Court disagreed and upheld the offset from the time it was taken in June 1993. Thus, we do not understand Grice as authority for retroactively applying an offset arising from the 100 percent AWW cap to the date benefits were originally due and owing, but simply as approving the offset from the time the employer asserted it.
In the instant case, claimant was entitled to PTD benefits and supplemental benefits as of August 1, 1089; however, the E/C declined to pay any workers' compensation benefits to her. Instead, claimant received her state disability retirement pension and social security disability benefits. When she finally sought compensation benefits in 1996, the E/C then began making the payments. The E/C did not raise the issue of overpayment until January 27, 1997, and it is unclear under what theory that overpayment was premised. Nevertheless, it is undisputed that the E/C/ claimed an offset tot he combination of social security disability, state disability retirement, and PTD benefits based on the 100 percent AWW cap at the July 3, 197, hearing. In accordance with the Grice decision, the E/C in the present case would be entitled to an offset only from the time it was first asserted.
Nevertheless, because section 440.15(13), Florida Statutes (Supp.1994), was amended to require claimant to repay any benefit to which he or she is not entitled, and Grice provided the necessary authority for applying the 100 percent AWW cap and resultant offset to the combination of social security disability, state disability retirement, and PTD benefits, we conclude that the offset is applicable to benefits paid on and after May 1, 1997, the date the Grice decision was released by the Florida Supreme Court. Compare Brown v. L.P. Sanitation, 689 So.2d 332 (Fla. 1st DCA 1997).
Appellants' motion for clarification is GRANTED to the extent set forth in this *302 opinion; the motions for rehearing and rehearing en banc are DENIED.
WOLF and WEBSTER, JJ., CONCUR.