VAN NORTWICK, J.
The State of Florida, Department of Labor and Employment Security, Workers’ Compensation Administrative Trust Fund, appeals a final order of the Judge of Compensation Claims (JCC), contending that the JCC erred in ruling, in effect, that this court’s decision in Acker v. City of Clearwater, 755 So.2d 651 (Fla. 1st DCA 1998), approved, 755 So.2d 597 (Fla.1999), should be applied retroactively to the computation of the permanent total disability benefits payable to appellee Richard McGrath, claimant below. We affirm.
In Acker, this court held that, where an employer/carrier[1] takes a workers’ compensation offset under section 440.20(15), Florida Statutes (1985), and initially includes supplemental benefits paid under section 440.15(l)(e)(l), Florida Statutes (1985), the employer/carrier is not entitled to recalculate the offset amount to include increases in supplemental benefits. 755 So.2d at 652. Generally, judicial construction of a statute is given retroactive as well as prospective application, except where the court which rendered the decision limits it to prospective effect or where the statute was given the overruled construction by a court of last resort “and property or contract rights have been acquired under and in accordance with such [overruled] construction.” Aronson v. Congregation Temple De Hirsch of Seattle, Washington, 123 So.2d 408, 410-11 (Fla. 3d DCA 1960), quoting, Florida Forest and Park Serv. v. Strickland, 154 Fla. 472, 18 So.2d 251, 253 (1944). It is undisputed here (i) that neither this court nor the Florida Supreme Court has limited Acker to a prospective application and (ii) that neither a prior decision of a court of last resort nor a prior legislative enactment allowed the appellant to include yearly increases in the permanent total disability supplement in the calculation of the social security offset. Further, simply because appellant followed prior industry practice in recalculating the offset, does not provide a basis to limit Acker to a prospective application. Thus, we hold that the JCC did not err in applying Acker retroactively, in ruling that the appellant impermissibly recalculated the offset starting July 1, 1995, and in ordering the appellant to pay the claimant the corrected amount of benefits from such date.
Appellant also argues that, under City of Miami v. Bell, 634 So.2d 163, 166 (Fla.1994), where retroactive application of a decision will have an adverse fiscal impact on the public, the decision should be applied prospectively only. In Bell, the court held that City of Miami was obligated to reimburse claimants only for incorrect offsets taken after the effective date of the *793 decision in Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), for to rule otherwise “would require a reallocation of municipal services and subject today’s taxpayers to yesterday’s fiscal obligations.” Bell, 634 So.2d at 166.
Seeking to apply Bell to the present case, appellant argues that any repayment of improperly calculated offsets will be made from the Workers’ Compensation Administration Trust Fund. Appellant states that this Fund is a statutorily created fund with a cap on assessments of 4%, with the result that there is a finite amount of money in the Fund. Thus, appellant asserts that a decision holding that appellant must repay the offsets improperly calculated before Acker would dramatically increase the Fund’s expenditures and could impact its fiscal soundness.
We decline to reach this argument, however, because it was not raised in any meaningful manner below. See Weaver v. Southern Bell, 703 So.2d 1213 (Fla. 1st DCA 1997). While the argument was mentioned in the written “Closing Argument” filed by appellant’s counsel after thé final hearing, the record is devoid of evidence, including any evidence relating to the fiscal impact of a retroactive application or the financial condition of the Fund, which would allow this court to grant meaningful review of this issue. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
Accordingly, the order of the JCC is affirmed without prejudice to appellant raising the Bell argument, accompanied by evidence appropriate to the issue, in another proceeding.
AFFIRMED.
LAWRENCE AND DAVIS, JJ„ CONCUR.

. In workers' compensation cases with dates of accidents prior to July 1, 1984, appellant is responsible for paying supplemental benefits to claimants, unless the appropriate employer/carrier elects to make the payments. See § 440.15(1)0)1, Fla. Stat. (1999). In this case, the employer/carrier elected to pay supplemental benefits until July 1, 1995, at which time they requested appellant to take over the payments. It is undisputed that Acker applies whether the appellant or an employer/carrier is the offsetting party.