QUINCE, J.
We have for review a decision on the following question certified to be of great public importance:[1]
WHERE AN EMPLOYER TAKES A WORKERS’ COMPENSATION OFFSET UNDER SECTION 440.20(15), FLORIDA STATUTES (1985), AND INITIALLY INCLUDES SUPPLEMENTAL BENEFITS PAID UNDER SECTION 440.15(l)(e)l, FLORIDA STATUTES (1985), IS THE EMPLOYER ENTITLED TO RECALCULATE THE OFFSET BASED ON THE YEARLY 5% INCREASE IN SUPPLEMENTAL BENEFITS?
HRS District II v. Pickard, 778 So.2d 299 (Fla. 1st DCA 1999). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed in City of Clearwater v. Acker, 755 So.2d 597 (Fla.1999), we answer the certified question in the negative and approve the First District’s decision in this case.[2] It is so ordered.
*267 WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.

. The First District specifically certified for review "the same question certified in Acker.” HRS District II v. Pickard, 778 So.2d 299, 300 (Fla. 1st DCA 1999).

. State of Florida, Division of Retirement ("FRS") appeared as amicus curiae before the First District Court of Appeal and in its brief asserted that "the use of benefits paid under the FRS to offset workers’ compensa- *267 lion benefits abridges and reduces the right of FRS members to receive Lhe full benefit of payments made to them.” We do not address this issue because it was not raised by either party before this Court and FRS did not file an amicus brief before this Court.