PER CURIAM.
William M. Bowman, Jr., was injured during the course of his employment with Boise Cascade Corporation. On appeal the First District Court of Appeal reversed the trial court’s determination that it was proper for the employer to recalculate the offset annually to include increases in supplemental benefits. The First District also certified the same question it had certified in Acker v. City of Clearwater, 755 So.2d 651 (Fla. 1st DCA 1998), approved, 755 So.2d 597 (Fla.1999), to be of great public importance:
WHERE AN EMPLOYER TAKES A WORKERS’ COMPENSATION OFFSET UNDER SECTION 440.20(15), FLORIDA STATUTES (1985), AND INITIALLY INCLUDES SUPPLEMENTAL BENEFITS PAID UNDER SECTION 440.15(l)(e)(l), FLORIDA STATUTES (1985), IS THE EMPLOYER ENTITLED TO RECALCULATE THE OFFSET BASED ON THE YEARLY 5% INCREASE IN SUPPLEMENTAL BENEFITS?
See Department of Labor & Employment Sec. v. Boise Cascade Corp., 23 Fla. L. Weekly D2124, — So.2d -, 1998 WL 597860 (Fla. 1st DCA Sept. 11, 1998). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed in City of Clearwater v. Acker, 755 So.2d 597 (Fla.1999), we answer the certified question in the negative and approve the First District’s decision.
The First District did not certify for review the issue of whether Acker should be applied retroactively, although the Florida Department of Labor & Employment Security (the Department) raises this issue in its brief. We do not express *1094 an opinion on this issue since it was not considered by the judge of compensation claims and since the record is devoid of evidence that would permit a meaningful review. See Weaver v. Southern Bell, 703 So.2d 1213 (Fla. 1st DCA 1997).
Finally, Bowman has requested attorney’s fees be awarded against the Department. The law is clear that there must be statutory authority to award fees. See Shipp v. State Workers’ Compensation Trust Fund, 481 So.2d 76 (Fla. 1st DCA 1986); Knight v. City of Miami, 421 So.2d 21 (Fla. 1st DCA 1982). Bowman seeks fees pursuant to section 440.20, Florida Statutes (1973), but this section permits fees against the carrier. There is no provision awarding fees against the Department in this situation, and we therefore approve the First District’s denial of Bowman’s motion for fees.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.