394 So.2d 515 (1981)
MODERN PLATING COMPANY et al., Appellants,
v.
Charles R. WHITTON, Appellee.
No. TT-234.
District Court of Appeal of Florida, First District.
February 23, 1981.
Richard G. Davis of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
John McFayden, Pinellas Park, for appellee.
THOMPSON, Judge.
The employer/carrier (the "E/C") appeals a final order of the Deputy Commissioner (the "Deputy"), assigning as error the finding of the Deputy that the E/C was not entitled to an offset under the provisions of § 440.15(10)(a), Fla. Stat., based on the total social security benefits received by the claimant and his dependents. We agree and reverse.
The claimant and his dependents were drawing social security benefits pursuant to 42 U.S.C. § 402 and § 423, when it was determined that the claimant was permanently totally disabled (PTD). The E/C began paying PTD weekly compensation benefits ("benefits" reduced by an offset of the total social security benefits received by the claimant and his dependents, so that the sum total social security benefits and the workers compensation benefits paid to the claimant did not exceed 80% of the employee's average weekly wage. The claimant contested the offset and the Deputy ruled that the E/C could not include social security benefits paid to the dependents in determining the amount of the offset. The Deputy recognized that § 440.15(10)(a), Fla. Stat., had been amended in 1979 (prior to his hearing) to add the words "and his dependents," but he held that this law affected the substantive rights of the employee and was therefore not retroactive to this employee, whose accident occurred prior to the effective date of the amendment. He relied on the three previous cases of Hersey v. Orkin Exterminating Company, IRC Order No. 2-3622 (November 30, 1978), Contractors Services v. Garoutte, IRC Order No. 2-3514 (August 28, 1978), and Oroweat Foods Company v. Valle, IRC Order No. 2-3512 (August 25, 1978) in which the Industrial Relations Commission held that dependent's benefits cannot be used in computing the offset allowed to the E/C.
Prior to its 1979 amendment, § 440.15(10)(a) (1977), provided in part that
Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. s. 423 and s. 402, does not exceed 80 percent of the employee's average *516 weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than they would have otherwise been reduced under 42 U.S.C. s. 424(a). (emphasis supplied)
Title 42 U.S.C. § 423 deals with disability insurance benefit payments, while 42 U.S.C. § 402 deals with old-age insurance benefit payments to the insured individual, and his or her spouse and dependent children.
Title 42 U.S.C. § 424a(a) provides in part that:
(a) If for any month prior to the month in which an individual attains the age of 62 
(1) such individual is entitled to benefits under section 423 [42 U.S.C. § 423], and
(2) such individual is entitled for such month, under a workmen's compensation law or plan of the United States or a State, to periodic benefits for a total or partial disability (whether or not permanent), and the Secretary has, in a prior month, received notice of such entitlement for such month,

the total of his benefits under section 423 [42 U.S.C. § 423] for such month and of any benefits under section 402 [42 U.S.C. § 402] for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of 
(3) such total of benefits under sections 423 and 402 [42 U.S.C. §§ 402, 423] for such month, and
(4) such periodic benefits payable (and actually paid) for such month to such individual under the workmen's compensation law or plan, exceeds the higher of 
(5) 80 per centum of his "average current earnings", or
(6) the total of such individual's disability insurance benefits under section 423 [42 U.S.C. § 423] for such months and of any monthly insurance benefits under section 402 [42 U.S.C. § 402] for such month based on his wages and self-employment income, prior to reduction under this section.
In no case shall the reduction in the total of such benefits under sections 423 and 402 [42 U.S.C. §§ 402 and 423] for a month (in a continuous period of months) reduce such total below the sum of 
(7) the total of the benefits under sections 423 and 402 [42 U.S.C. §§ 402, 423], after reduction under this section was made (or which would have been so determined if all of them had been so entitled in such first month), and
(8) any increase in such benefits with respect to such individual and such persons, before reduction under this section, which is made effective for months after the first month for which reduction under this section is made. (Emphasis supplied)
Title 42 U.S.C. § 424a(a), the federal offset provision, refers to "such total benefits under sections 423 and 404" when referring to the federal benefits, while § 440.15(10)(a), Fla. Stat., prior to the 1979 amendment, provided for the offset of the total benefits "under 42 U.S.C. § 423 and § 402." The word "total" in both laws is an absolute nullity unless it is given its normal and ordinary meaning: a whole quantity; an entirety; a sum; constituting or pertaining to the whole; entire; complete. The word "total" as used in both the federal and Florida offset statutes means all of the benefits; i.e., the sum of the benefits which are provided in 42 U.S.C. § 423 and § 402. The benefits provided in those sections include not only those paid to the employee or insured individual, but also those paid to the spouse and dependent children of that insured individual, and such combined benefits constitute the "total benefits" referred to in 42 U.S.C. § 424a(a).[1] By extension, these benefits constitute the "total benefits" referred to in § 440.15(10)(a), *517 Fla. Stat. (1977). As stated by the Florida Supreme Court in American Bankers Insurance Co. v. Little, 393 So.2d 1063 (Fla. 1980):
There is really no dispute concerning the purpose of the interplay between federal and state law with regard to offsetting benefits. The parties agree that the change in federal law was designed to give states the benefit of offsets which formerly were taken by the Social Security Administration for persons disabled in job-related injuries. They also agree that each statute contains a hold harmless provision fashioned to prevent a double offset resulting in decreased benefits and that the State of Florida properly took advantage of the change in federal law by enacting its offset provision, effective on July 1, 1973 (emphasis supplied).
There is no federal offset under 42 U.S.C. § 424a(a) if there is a state offset law such as § 440.15(10)(a), Fla. Stat. But it is clear from reading 42 U.S.C. § 424a(a) that the federal government would have taken an offset based upon the total benefits paid under 42 U.S.C. § 423 and § 402 if there was not a Florida offset statute. As the federal government would have taken an offset which would have been based on the total benefits paid the claimant and his dependents under the provisions of 42 U.S.C. § 424a (a), then the E/C was entitled to take an offset based on the total benefits paid the employee and his dependents prior to the 1979 amendment. We recognize that the IRC held to the contrary in Hersey, Contractors Services and Oroweat, and to the extent that those cases are in conflict with this opinion, we decline to follow them.[2]
In view of the foregoing, it is not necessary to decide whether the 1979 amendment to the Florida offset law is retroactively applicable, because as set out in this opinion, the federal offset law would require the consideration of the total benefits paid (including those to dependents) in determining the offset under federal law. The pre-1979 Florida law also required the same total benefits to be considered in determining the offset under Florida law. Therefore, no vested monetary right of the employee would be affected by the 1979 amendment and it is not a substantive change.
In summary, the E/C is entitled to reduce the weekly compensation benefits payable to the employee to an amount whereby the sum of such compensation benefits payable under the Florida law and such total benefits payable to the employee and his dependents under 42 U.S.C. § 423 and § 402 does not exceed 80% of the employee's average weekly wage or the employee's average current earnings, whichever is the higher.
Finally, we note that our disposition of this matter results in affirmance of the Deputy's decision not to assess penalties against the E/C, pursuant to § 440.20(6), Fla. Stat.
This cause is reversed and remanded for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., J., and WOODIE A. LILES (Ret.), Associate Judge, concur.
NOTES
[1] See C.F.R. § 440.408(g) and (h). The examples contained therein clearly demonstrate that the Social Security Administration computes the benefits paid to the insured, his or her spouse, and dependent children in determining the total benefits paid to the insured for purposes of offsetting any workers' compensation benefits.
[2] After the IRC rendered these decisions, the legislature promptly amended the law to add the words "and his dependents" following the words "such total benefits payable for such period to the employee." Apparently, the purpose of this amendment was to correct the IRC's misunderstanding of § 440.15(10)(a).