416 So.2d 1132 (1981)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Wesley A. DAVIS, Appellee.
No. YY-191.
District Court of Appeal of Florida, First District.
December 18, 1981.
As Clarified February 16, 1982.
Luke G. Galant of Dawson, Galant, Madox, Sulik & Nichols, Jacksonville, for appellant.
Bette Towers Miller and Gary I. Christian of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
PER CURIAM.
This cause is before us on appeal by the employer/carrier from a Deputy Commissioner's order finding that social security benefits paid to the claimant's dependents as a result of his December 22, 1978, accident could not be offset pursuant to Florida Statutes, § 440.15(10)(a),[1] as amended in 1979. The basis of the Deputy's holding was that the change in the statute to permit consideration of dependents' benefits was substantive and, therefore, could not be applied to an accident occurring prior to the new statute's effective date. We reverse in light of our decisions in Modern Plating Co. v. Whitton, 394 So.2d 515 (Fla. 1st DCA 1981), and General Development Corp. v. Price, 404 So.2d 859 (Fla. 1st DCA 1981), which held the change *1133 to be procedural and applicable regardless of the date of the accident.
Both parties have also pointed out that, if the offset for the dependents' benefits is permitted, this court must decide whether Florida Statutes, § 440.12(2)[2] still mandates that claimant receive minimum workers' compensation benefits of $20 per week even though social security benefits payable to him and his wife and son exceed 80 percent of his average weekly wage, the maximum compensation permitted by § 440.15(10)(a), supra. There is no decisional precedent directly on point.[3]
The purpose and application of § 440.12(2) remains, as with predecessor provisions commencing with the original enactment of the Workmen's Compensation Act,[4] to provide a legislatively mandated minimum "compensation," a term defined in § 440.02(11)[5] of the present Act. Because § 440.12(2) provides a minimum for "compensation," and because compensation is defined by § 440.02(11) as money payable "as provided for in this chapter," we conclude that money payable under social security laws is not money payable under Chapter 440 or provided for therein. The prescribed minimum and offset provisions must in our opinion be thus construed consistent with the statutory maximum on compensation to affirm the order in this case on this point.
Accordingly, the order below is REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings consistent herewith.
BOOTH, SHAW and WENTWORTH, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Because money payable under social security laws is not "compensation" as defined by § 440.02(11), the minimum compensation provision of § 440.12(2) is unaffected by the receipt of social security benefits. Claimant is entitled to the § 440.12(2) minimum compensation payments despite any § 440.15(10)(a) offset which would otherwise be applicable.
BOOTH, SHAW and WENTWORTH, JJ., concur.
NOTES
[1] Florida Statutes, § 440.15(10)(a):

Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. § 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents,[[*]] had such employee not been entitled to benefits under this chapter, under 42 U.S.C. §§ 423 and 402, does not exceed 80 percent of the employee's average weekly wage... . [emphasis supplied]
[*] The words "and his dependents" were added by the 1979 amendments.
[2] Florida Statutes, § 440.12(2):

Compensation for disability resulting from injuries which occur after December 31, 1974, shall not be less than $20 per week... .
[3] See, American Bankers Insurance Co. v. Little, 393 So.2d 1063 (Fla. 1980), wherein claimant's workers' compensation benefits were reduced to four cents per week after offset for social security benefits, but § 440.12(2) was, apparently, not considered.
[4] Laws of Florida, 1935, c. 17481, § 12.
[5] Florida Statutes, § 440.02(11):

"Compensation" means the money allowance payable to an employee or to his dependents as provided for in this chapter. [e.s.]