JOANOS, Judge.
This is an appeal from a workers’ compensation order denying the $20 per week minimum disability compensation provision of Section 440.12(2), Florida Statutes (1975).[1] The deputy concluded that the 1983 amendment to the Florida Workers’ Compensation Act, codified as Section 440.-15(9)(d), Florida Statutes (1983),[2] is procedural and therefore applicable retroactively. We reverse that determination.
In determining that Section 440.15(9)(d) requires retroactive application, the deputy commissioner found, inter alia, that the 1983 amendment was “a direct legislative response to State of Florida, Department of Transportation v. Davis, 416 So.2d 1132 (Fla. 1st DCA 1982),” and the amendment “is procedural and not substantive in that the employee is not losing anything that the Social Security Administration could not otherwise take.”
In arriving at this conclusion the deputy has failed to consider the significance of this court’s holding in Davis, i.e., “[t]he purpose and application of § 440.12(2) remains, as with predecessor provisions commencing with the original enactment of the Workmen’s Compensation Act, to provide legislatively mandated minimum ‘compensation,’ a term defined in § 440.02(11) of the present Act.” On Motion for Clarification the court expressly held:
Because money payable under social security laws is not “compensation” as defined by § 440.02(11), the minimum compensation provision of § 440.12(2) is unaffected by the receipt of social security benefits. Claimant is entitled to the § 440.12(2) minimum compensation payments despite any § 440.15(10)(a) offset which would otherwise be applicable.[3]
See also: Letcavage v. John Biggie & Co., 418 So.2d 417 (Fla. 1st DCA 1982).
Implicit in this court’s decisions in Davis and Letcavage is a finding that Section 440.12(2) is substantive law. Substantive statutes are prospective only, absent a clearly expressed legislative intent to the contrary. Van Bibber v. Hartford Accident & Indemnity Ins. Co., 439 So.2d 880 (Fla.1983). Section 440.15(9)(d), Florida Statutes (1983), makes no express provision for retroactive application. Since the accident and injury in this cause occurred prior to the June 30, 1983, effective date of Section 440.15(9)(d), the amendment does not apply to this case.
That portion of the deputy’s order which reduced claimant’s $20 minimum compensation benefits to zero pursuant to Section 440.15(9)(d), Florida Statutes (1983), is reversed and the case is remanded for entry of an order consistent with this opinion.
MILLS and BARFIELD, JJ., concur.

. § 440.12(2), Fla.Stat. (1975), provides in relevant part:
Compensation for disability for injuries which occur after December 31, 1974, shall not be less than $20 per week.

. § 440.15(9)(d), Fla.Stat. (1983), provides:
If compensation benefits are reduced pursuant to this subsection, the minimum compensation provisions of s. 440.12(2) shall not apply-

.§ 440.15(10)(a) was renumbered in Chapter 82-237, § 3, Laws of Florida, to § 440.15(9)(d).