527 So.2d 873 (1988)
Orlando J. TRILLA, Appellant,
v.
BRAMAN CADILLAC and Adjustco, Inc., Appellees.
No. 87-455.
District Court of Appeal of Florida, First District.
June 17, 1988.
*874 Albert E. Harum, Jr., Miami, for appellant.
Michael Fichtel of Adams, Kelley, Kronenberg & Kelley, Miami, for appellees.
BARFIELD, Judge.
The claimant in this workers' compensation case appeals an order approving a reduction of benefits under section 440.15(9), Florida Statutes (1982), based upon 80 percent of his average weekly wage. We reverse.
The statute provides an offset for Social Security benefits payable under 42 U.S.C. sections 402 and 423, so that the total benefits do not exceed 80 percent of the claimant's average weekly wage (AWW). The statute limits the offset to the extent such benefits would have otherwise been reduced under 42 U.S.C. section 424a, the federal offset calculated on the basis of 80 percent of the employee's average current earnings (ACE).
The claimant challenged the offset being taken by the employer/servicing agent, which was based on 80 percent of the AWW. The parties stipulated to an AWW of $373.76 and a compensation rate of $249.60 per week. An examiner with the Workers' Compensation Division testified that the claimant's ACE indicated he could receive $439.62 per week in combined benefits before an offset would be available and that his total weekly benefits amounted to $420.31, so that no offset was available.
The deputy commissioner essentially dismissed this testimony and found that the employer/servicing agent had properly calculated the Social Security offset as the difference between 80 percent of the claimant's AWW and the total amount of Social Security and workers' compensation benefits. He acknowledged that the statute limits the offset to that which otherwise would have been taken by the federal government and provides for reduction or increase of the offset if the Social Security laws are amended to provide for reduction or increase of the percentage of average current earnings, but he found that the record contained no evidence regarding the amount of the federal offset or showing an amendment to the Social Security law.
Under section 440.15(9)(a), the employer/servicing agent's offset (based upon the amount by which the sum of the total benefits exceeds 80 percent of the AWW) could not be greater than the offset which the federal government would otherwise take (based upon the amount by which the sum of the total benefits exceeds 80 percent of the ACE). Sufficient information was presented to the deputy commissioner from which the appropriateness of the claimed offset could have been determined.
The Industrial Relations Commission cases upon which the claimant relies state that the 1975 amendment adding the federal offset limitation precludes an offset which would reduce a claimant's combined benefits to a greater extent than they would have otherwise been reduced under 42 U.S.C. section 424a alone, and that the offset computation "has been consistently regarded as self-executing in nature, giving rise to a continuing right and responsibility to compute the correct offset at the time payment of compensation is due";[1] that *875 before the state offset may be determined, the amount of the federal offset that would have otherwise been taken must be computed;[2] and that for an offset claimed after the effective date of the amendment, a state carrier may not alter this precise "put and take provision" by computing its offset based on AWW, but must use ACE if the "permissible combined benefits" are greater under the latter formula.[3]
It was error for the deputy commissioner, deemed to be aware of the applicable federal and state statutes, to approve the employer/servicing agent's offset (based upon 80 percent of the AWW) without taking into account the extent to which the claimant's benefits would otherwise have been reduced under the federal statute (based upon 80 percent of the ACE). The failure of the employer/servicing agent to demonstrate that the offset they claimed would not reduce the claimant's benefits to a greater extent than they would have otherwise been reduced under the Social Security laws rendered the offset impermissible. Colonel's Table v. Malena, 412 So.2d 64 (Fla. 1st DCA 1982).
The order is REVERSED and REMANDED to the deputy commissioner for calculation of the extent to which the claimant's benefits would have been reduced under 42 U.S.C. section 424a, and a determination of the correct weekly offset available to the employer/servicing agent as limited by the federal offset which would otherwise be available. The claimant's motion for appellate attorney's fee is GRANTED and the case is REMANDED to the deputy commissioner for determination of the amount of a reasonable fee.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] Patrick Fruit Company v. Boykins, IRC order 2-3904 (Sept. 11, 1979).
[2] Husky Industries v. Mixon, IRC Order 2-3905 (Sept. 11, 1979).
[3] A.C. Scott Construction & Paving Company, Inc. v. Miller, IRC Order 2-3906 (Sept. 11, 1979).