ORDER ON MOTION TO DISMISS
PER CURIAM.
Appellants seek review of an order which awarded $4500 in attorney’s fees. Appel-lee moves to dismiss, arguing that the appeal is untimely. We deny the motion to dismiss.
On September 28, 1990, the Judge of Compensation Claims entered an order finding that appellee was entitled to an attorney’s fee award. In its order, the court stated as follows:
WHEREFORE, having considered the evidence and arguments of counsel, the Employer, Clay Hyder Trucking Lines, Inc., by and through its Servicing Agent, Comear Industries, is hereby ordered as follows:
A. Pay to the claimant’s attorney, Karen O. Emmanuel, a reasonable fee under Florida Statute 440.34(3)(b) for services to her client in this cause.
[[Image here]]
D. Jurisdiction is hereby reserved to consider the amount of the reasonable, fee awarded. If the parties cannot agree on a reasonable fee, a hearing will be held at the office of the Judge of Compensation Claims....
The parties were unable to agree on the fee, a hearing was conducted and an order mailed on March 5, 1991, which awarded the $4500 attorney’s fee. Appellants filed the notice of appeal on March 29, 1991.
Appellee now moves to dismiss the appeal as to the September 28, 1990, order, arguing that appellant did not file a notice of appeal within 30 days of the date of that order. Appellee argues that the order is clear and unambiguous, requiring the Employer/Servicing Agent to pay an attorney’s fee, thus the September 28 order was final and reviewable.
Appellants respond in opposition, arguing that the issue was not finally resolved until the March 5 order was entered, actually awarding the attorney’s fee. We agree and deny the motion to dismiss. This court has previously determined that an order relating to attorney’s fees is not *1083 final until the amount of the fee is set. City of Tampa v. Fein, 438 So.2d 442 (Fla. 1st DCA 1983). Similarly, this court has found that a JGC’s order which retains jurisdiction for the purpose of determining a reasonable attorney’s fee is nonfinal and, as such, is nonappealable. Sunny Pines Convalescent Center v. Walters, 422 So.2d 1079 (Fla. 1st DCA 1982). Had appellants filed a notice of appeal from the September 28, 1990, order, the appeal would have been subject to dismissal. Here, appellants properly waited until the amount of the fee was set before seeking review.
MOTION DENIED.
SHIVERS, C.J., BARFIELD, J., and CAWTHON, Senior Judge, concur.