ON MOTION FOR REHEARING OR CLARIFICATION
ERVIN, Judge.
This court’s opinion of October 25, 1991, is withdrawn and the following opinion is substituted therefor.
In this workers’ compensation appeal, appellants, Dax & Trim Development Company and Travelers Insurance Company, the employer and its insurance carrier (E/C), contend that the amount of the social security (SS) offset taken pursuant to Section 440.15(9)(a), Florida Statutes (Supp.1984), was improperly calculated. We agree and therefore reverse and remand for further proceedings.
The facts pertinent to this appeal show that appellee, Randall Paul Mullens, the claimant below, suffered an injury arising out of and in the course of his employment with Dax & Trim Development Company on December 19, 1984. The E/C voluntarily accepted him as permanently and totally disabled on October 16, 1987.
On or about January 1988, the E/C began to take an offset against claimant’s workers’ compensation benefits pursuant to Section 440.15(9)(a), because claimant was then also receiving SS disability benefits. The E/C calculated the amount of offset and determined that it should be paying $66.98 per week in compensation benefits. The claimant subsequently filed a claim form seeking, among other things, an increase in the compensation rate (CR) on the theory that the E/C had erroneously calculated the offset amount.
The parties stipulated that claimant’s average weekly wage (AWW) is $300 and that the CR is $200. Additionally, claimant testified at the hearing that he initially received $496 per month from SS and that each of his two children receive $124 per month from SS.
Wallace Ward, an examiner in the Permanent Total Unit of the Bureau of Records, Division of Workers’ Compensation, testified on behalf of the claimant that he reviewed claimant’s file at his request to determine the correct SS offset. He explained that the Division uses the following formula to calculate weekly SS offsets: CR plus principal insurance amount (PIA),[1] plus supplemental benefits (SB), minus the greater of either 80 percent of claimant’s AWW or 80 percent of claimant’s average current earnings (ACE). The difference is the amount of the SS offset. By using figures supplied by claimant and the Social Security Administration, Ward made the following calculation: ($200 (CR) + $115.34 (PIA)[2] + $40 (SB)) - $240 (80 percent of AWW (the greater)) = $115.34 (the offset). Ward stated that the E/C should have deducted the offset from the total amount of compensation being paid to claimant, for a total payment of $124.66 ($240 — $115.34 = $124.66), rather than $66.98. When questioned why the amount of benefits *541 claimant’s children received was not included in the calculation, Ward explained that the total family benefit (TFB) is used in the final comparison to determine the offset, and that the Division’s rules require calculation based on PIA, rather than TFB.
Ward’s testimony was approved by his supervisor, Bruce Ofuani. Ofuani explained that section 440.15(9)(a) requires the Division to consider the benefits paid to the claimant’s dependents, but that the statute does not dictate how those benefits must be considered. He elaborated that the formula takes those benefits into consideration as follows: (CR + PIA + SB) — (80% AWW or 80% ACE or 100% TFB) = offset. He admitted that most carriers do not calculate the offset in this manner and that there is no written rule setting out the Division’s formula. Thus, he stated that the calculation procedure was a gray area that required clarification.
Following a hearing, the JCC entered an order accepting the Division’s formula and finding the appropriate CR after the SS offset to be $124.66.
Section 440.15(9)(a), Florida Statutes (Supp.1984), provides as follows:
Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s 423 shall be reduced to an amount whereby the sum of such compensation benefits páyable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss 423 and 402, does not exceed 80 percent of the employee’s average weekly wage. However, this provision shall not operate to reduce an injured worker’s benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under 42 U.S.C. s 424(a). This reduction of compensation benefits is not applicable to any compensation benefits payable for any week subsequent to the week in which the injured worker reaches the age of 62 years.
(Emphasis added.)
It is the Division’s position that although this statute requires it to consider benefits received by dependents when computing SS offsets, the statute does not dictate how those benefits must be factored into the offset calculation. Therefore, the Division has adopted the following formula: (CR + PIA + SB) - (80% AWW or 80% ACE or 100% TFB) = offset. The E/C, on the other hand, contends that the Division’s calculation is contrary to the explicit language in the statute, because it does not properly consider benefits paid to the claimant’s dependents when it determines total weekly SS benefits.
Although courts generally give great weight to an agency’s interpretation of the statutes it administers,[3] the agency’s interpretation here is inconsistent with both the express language of the statute and case law interpreting.it. The statute specifically provides that the sum of workers’ compensation benefits and “such total benefits ... payable ... to the employee and his dependents ... under 42 U.S.C. ss 423 and 402” should not exceed 80 percent of the employee’s AWW. (Emphasis added.) Thus, the plain language of the statute directs that all SS benefits received by the employee and his dependents be considered in calculating the amount that should not exceed 80 percent of the employee’s AWW.
Case law also compels this conclusion. As explained in Modern Plating Co. v. Whitton, 394 So.2d 515 (Fla. 1st DCA), review denied, 402 So.2d 614 (Fla.1981), prior to 1979 this statute had been limited to the total amount of benefits received by the employee; in 1979, however, the statute was amended to include benefits received by the employee’s dependents. Thus, the E/C in Whitton was entitled to an offset based on the total SS benefits received by the claimant and his dependents. In so concluding, this court reasoned *542 that if there had not been a Florida offset statute, the federal government would be allowed to take an offset based upon the total benefits paid the claimant and his dependents under both federal and state law, therefore, the E/C was entitled to a similar offset based on the total benefits paid to the claimant and his dependents. Id. at 517.
The order finding the CR amount to be $124.66 is therefore reversed, and the case remanded with directions that the amount of the SS offset be recalculated. In so doing, the total amount of benefits received by claimant and his dependents should be considered in calculating the amount that should not exceed 80 percent of claimant’s AWW or ACE. In so saying, we do not mandate what formula the Division should use in calculating the SS offset.[4]
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH and ALLEN, JJ., concur.

. This is the amount of SS benefits that the claimant receives solely for himself.

. This weekly PIA figure was calculated by dividing claimant’s monthly PIA of $496 by 4.3.

. Harloff v. City of Sarasota, 575 So.2d 1324, 1327 (Fla. 2d DCA), review denied, 583 So.2d 1035 (Fla.1991).

. In that the Division has acknowledged that calculation of SS offsets is a gray area, it would be wise for the Division to promulgate a rule setting forth the proper method for calculating such offsets.