KAHN, Judge.
The Employer/Carrier (E/C) appeal from a workers’ compensation order limiting the amount of workers’ compensation benefits subject to social security offset pursuant to section 440.15(9)(a), Florida Statutes (1987). E/C contend that the judge of compensation claims (JCC) erred in limiting the offset available to the amount of offset the Social Security Administration previously took between January 1990 and April 1991 as a result of claimant’s workers’ compensation benefits. We reverse because the JCC did not properly apply the offset statute.
Claimant was injured in the course and scope of his employment on August 22, 1988. He received workers’ compensation benefits and social security disability benefits. The Social Security Administration from January 1990 to April 1991, offset claimant’s social security disability benefits pursuant to 42 tj.S.C. section 424a based on claimant’s receipt of workers’ compensation benefits. In July 1991, E/C pursuant to section 440.15(9)(a), Florida Statutes (1987), began offsetting the workers’ compensation benefits claimant was receiving based on his receipt of social security disability benefits. E/C accepted claimant as permanently totally disabled on August 8, 1991. On February 25, 1993, the carrier recalculated the amount of social security after receiving updated information and increased the amount of workers’ compensation benefits it offset. Claimant filed a claim for benefits on March 26, 1993 alleging that E/C’s offset was too high and that E/C was restricted by section 440.15(9)(a) to the offset that the Social Security Administration actually took between January 1990 and April 1991. The JCC agreed and so ordered.
The JCC erred in limiting the offset amount to that actually taken by the Social Security Administration without determining the extent to which the benefits could have been reduced under 42 U.S.C. section 424(a) *976 at the time in question. Section 440.15(9)(a), Florida Statutes (1987), provides:
(9) Employee Eligible for Benefits under this Chapter and Federal Old-Age, Survivors and Disability Insurance Act.—
(a) Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee’s average weekly wage. However, this provision shall not operate to reduce an injured worker’s benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under U.S.C. s j,24.(a). This reduction of compensation benefits is not applicable to any compensation benefits payable for any week subsequent to the week in which the injured worker reaches the age of 62 years. (Emphasis Added)
Under the first sentence in section 440.15(9)(a), the claimant’s combined workers’ compensation and social security benefits may not exceed 80 percent of average weekly wage. The second sentence of the subsection mandates, however, that in no event will an injured worker’s benefits be reduced to a greater extent than such benefits would have been reduced under the federal offset statute, 42 U.S.C., section 424a. Under the federal statute, total benefits are reduced to the extent by which the federal benefits (those payable under 42 U.S.C., sections 423 and 402) when combined with state workers’ compensation benefits, exceed 80 percent of “average current earnings.” 42 U.S.C., section 424a(a)(5).* Depending on a given claimant’s earning history, it is possible for either the average current earnings or the average weekly wage to be a larger number.
Nothing in either the state or federal statute binds the E/C to the amount of offset actually taken by social security in past years before the claimant became eligible for permanent total disability benefits. Here the JCC merely limited the amount of offset available to that actually taken by social security between January 1990 and April 1991 without making a determination as to the actual limitation of the offset under section 440.15(9)(a). Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
DAVIS, J., and SMITH, Senior Judge, concur.

 For purposes of clause (5), an individual’s average current earnings means the largest of (A) the average monthly wage (determined under section 415(b) of this title as in effect prior to January 1979) used for purposes of computing his benefits under section 423 of this title, (B) one-sixtieth of the total of his wages and self-employment income (computed without regard to the limitations specified in sections 409(a)(1) and 411(b)(1) of this title) for the five consecutive calendar years after 1950 for which such wages and self-employment income were highest, or (C) one-twelfth of the total of his wages and self-employment income (computed without regard to the limitations specified in sections 409(a)(1) and 411(b)(1) of this title) for the calendar year in which he had the highest such wages and income during the period consisting of the calendar year in which he became disabled (as defined in section 423(d) of this title) and the five years preceding that year.
42 U.S.C., section 424a(a). Average current earnings are therefore calculated very differently than average weekly wage under Florida law which is generally calculated based on the thirteen weeks proceeding the injury. § 440.14, Fla. Stat.