677 So.2d 64 (1996)
Althan W. HUNT, Appellant,
v.
D.M. STRATTON, Jr., and Pacific Marine c/o FIGA, Appellees.
No. 93-1774.
District Court of Appeal of Florida, First District.
July 15, 1996.
*65 William Dekle Day, Jacksonville, for Appellant.
Douglass E. Myers, Jr., of Milne, Rizk, Myers & Buckingham, P.A., Jacksonville, for Appellees.
BARFIELD, Chief Judge.
The claimant seeks review of a workers' compensation order determining the amount the employer/carrier are entitled to take as an offset of the permanent total disability (PTD) benefits paid him based upon the federal social security disability benefits he is receiving. We reverse.
The workers' compensation disability benefits offset statute, section 440.15(9)(a), Florida Statutes (1991), provides in relevant part:
Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under 42 U.S.C. s. 424(a).
Because the workers' compensation offset cannot be greater than the offset which the federal government would otherwise have taken, the federal social security benefits offset must be computed before the state offset may be determined. See Trilla v. Braman Cadillac, 527 So.2d 873 (Fla. 1st DCA 1988), and cases cited therein. The federal social security benefits offset statute, 42 U.S.C. section 424(a), provides in relevant part:
If for any month prior to the month in which an individual attains the age of 65
(1) such individual is entitled to benefits under section 223 [42 USCS § 423], and
(2) such individual is entitled for such month to
(A) periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State ...
the total of his benefits under section 223 [42 USCS § 423] and of any benefits under section 202 [42 USCS § 402] for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of
(3) such total of benefits under sections 223 and 202 [42 USCS §§ 423, 402] for such month, and
(4) such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans,
exceeds the higher of
(5) 80 per centum of his "average current earnings," or
(6) the total of such individual's disability insurance benefits under section 223 [42 USCS § 423] for such months and of any monthly insurance benefits under section 202 [42 USCS § 402] for such month based on his wages and self-employment *66 income, prior to reduction under this section.
In no case shall the reduction in the total of such benefits under sections 223 and 202 [42 USCS §§ 423, 402] for a month (in a continuous period of months) reduce such total below the sum of
(7) the total of the benefits under sections 223 and 202 [42 USCS §§ 423, 402], after reduction under this section, with respect to all persons entitled to benefits on the basis of such individual's wages and self-employment income for such month which were determined for such individual and such persons for the first month for which reduction under this section was made (or which would have been so determined if all of them had been so entitled in such first month), and
(8) any increase in such benefits with respect to such individual and such persons, before reduction under this section, which is made effective for months after the first month for which reduction under this section is made.
The federal statute provides that the offset may not exceed the total social security benefits due a claimant and his family.
We find that the appropriateness of the workers' compensation offset claimed by the employer/carrier was determinable from the facts to which the parties stipulated below, but that the JCC's improper calculation of the federal social security offset adversely affected his determination of the proper workers' compensation offset. The parties' stipulations reflect that the claimant's average weekly wage (AWW) was $306.51 and his resulting compensation rate (without the offset) was $204.35, that his monthly federal social security benefits totaled $347.00, and that 80% of his monthly "average current earnings" (ACE) was $775.20. Prior to the reduction of his workers' compensation disability benefits by the employer/carrier's application of the offset provision, the claimant was receiving $255.45 per week in workers' compensation disability benefits ($204.35 in PTD benefits and $51.10 in PTD supplemental benefits) and $80.70 per week in social security disability benefits. Combined, these provided a total of $336.15 per week in disability benefits. The employer/carrier calculated an offset of $90.94, which reduced the claimant's total disability benefits to $245.21 per week, less than he had been receiving in workers' compensation benefits alone. The claimant argued that the offset law does not contemplate such a result, that section 440.15(9)(a) and 42 U.S.C. § 424(a) both support his position, and that those provisions mandated in this case that the employer/carrier's offset be no more than the total of his social security disability benefits. The JCC rejected the claimant's argument, which he characterized as a "novel idea," and adopted the employer/carrier's calculation of the offset.
We find that the claimant's interpretation of the relevant statutes is the proper one and that the employer/carrier's offset in this case is limited to $80.70, the amount of social security disability benefits he is receiving. We recognize that this finding will result in the claimant receiving $255.45 per week in disability benefits, more than 80% of his AWW. However, it is well settled that when, as in this case, the application of statutory provisions appears to indicate a conflict between or among them, the courts are required to read the provisions in a manner that resolves the apparent conflict. We interpret the first sentence of section 440.15(9)(a) as setting out the general parameters for determining the offset to which the employer/carrier is entitled, whereas the second sentence imposes an absolute limitation on the amount of the offset so calculated, so as not to reduce a claimant's total disability benefits more than they would have been reduced if the federal government had taken the offset.
In view of the apparent continuing confusion over application of the state and federal disability benefits offset provisions, and the failure of the Division of Workers' Compensation to promulgate a rule setting forth the proper method for calculating such offsets, as this court suggested in Dax & Trim Development Company v. Mullens, 590 So.2d 539 (Fla. 1st DCA 1991), we find it necessary to set out a formula for calculating *67 the offset.[1] Because federal social security disability benefits are calculated based on monthly figures, a conversion factor of 4.3 is used to convert them to weekly figures compatible with those used for the workers' compensation benefits calculations.
The first step is to calculate 80% of the AWW and 80% of the weekly ACE, the greater of which is used in the ensuing calculations:

Monthly average current earnings (ACE) $969.00
× 0.80 × 0.80
------- -------
80% of monthly ACE $775.20
80% of monthly ACE $775.20
divided by 4.3 (weeks/month) /4.3
------------------------------ -------
80% of weekly ACE $180.28
Average weekly wage (AWW) $306.51
× 0.80 × 0.80
------- -------
80% of AWW $245.21

In the instant case, the greater figure is 80% of AWW, but as we noted in Irwin Yacht & Marine Corp. v. Piernik, 675 So.2d 975 (Fla. 1st DCA 1996), it is possible for either AWW or ACE to be the greater number, depending on the claimant's earning history. The next step is to determine the total amount of benefits the claimant is receiving on a weekly basis without any offset, and the difference between that figure and the figure from the first step:

Monthly social security benefits $347.00
divided by 4.3 (weeks/month) /4.3
------------------------------ -------
Weekly social security benefits $ 80.70
Weekly social security benefits $ 80.70
+ Compensation rate (2/3 AWW) +204.35
+ Supplemental benefits + 51.10
----------------------- -------
Total weekly benefits $336.15
Total weekly benefits $336.15
- 80% of the greater of AWW and ACE -245.21
----------------------------------- -------
Preliminary offset amount $ 90.94

The next step is to determine whether the preliminary offset amount exceeds the offset which the federal government would otherwise have taken, i.e., whether the preliminary offset amount exceeds the total amount of social security benefits due a claimant and his family, which is the maximum federal social security offset allowed under 42 U.S.C. § 424(a), and therefore the maximum workers' compensation offset allowed under section 440.15(9)(a). In the instant case, because the preliminary offset ($90.94) exceeds the total amount of social security benefits due the claimant and his family ($80.70), the latter is the maximum allowable offset. Finally, the total weekly amount of workers' compensation benefits due is determined:

Compensation rate $204.35
- Offset - 80.70
-------- -------
New compensation rate $123.65
New compensation rate $123.65
+ Supplemental benefits + 51.10
------------------------ -------
Total weekly worker's compensation benefits $174.75

We note that both the federal and state disability benefit schemes include incremental increases in benefits to account for future increases in the cost of living (federal cost-of-living adjustments and state supplemental benefits). While the existing workers' compensation supplemental benefit is considered in the initial calculation of the workers' compensation offset, the law does not contemplate a recalculation of the offset based upon any increases thereafter. See Hunter v. South Florida Sod, 666 So.2d 1018 (Fla. 1st DCA 1996), and Hyatt v. Larson Dairy, Inc., 589 So.2d 367 (Fla. 1st DCA 1991), and cases cited therein.
The JCC's order is REVERSED and the case is REMANDED for correction of the order consistent with this opinion.
KAHN and VAN NORTWICK, JJ., concur.
NOTES
[1] To the right of the formula, we have included the appropriate figures and calculations for the instant case.