704 So.2d 1100 (1997)
CRUSE CONSTRUCTION and Florida Insurance Guaranty Association, Inc. (FIGA), Appellants/Cross-Appellees,
v.
Frank ST. REMY, Appellee/Cross-Appellant.
No. 97-1286.
District Court of Appeal of Florida, First District.
December 31, 1997.
Rehearing Denied February 5, 1998.
*1101 Robert L. Teitler of Walton, Lantaff, Schroeder & Carson, Miami, for Appellants.
Barbara E. Schnepper of Barbara E. Schnepper, P.A., Miami, for Appellee.
PER CURIAM.
Mr. Frank St. Remy, a carpenter, injured his back in a compensable accident on February 14, 1985, when he fell off the roof of a four story building. He is permanently totally disabled. The employer and carrier (e/c) have appealed a ruling that they incorrectly calculated Mr. St. Remy's social security offset, and Mr. St. Remy has cross-appealed the JCC's decision to deny payment of the bills of an unauthorized chiropractor. We affirm.
The e/c argue that, under this court's opinion in Hunt v. Stratton, 677 So.2d 64, 67 (Fla. 1st DCA 1996), a permanently totally disabled (PTD) claimant is not entitled to receive the statutorily provided cost of living increase (the "PTD Supplement"), because that would mean recalculating the benefits annually. We write to clarify the penultimate paragraph of Hunt v. Stratton, in which this court stated:
We note that both the federal and state disability benefit schemes include incremental increases in benefits to account for future increases in the cost of living (federal cost-of-living adjustments and state supplemental benefits). While the existing workers' compensation supplemental benefit is considered in the initial calculation of the workers' compensation offset, the law does not contemplate a recalculation of the offset based upon any increases thereafter.
The Judge of Compensation Claims (JCC) in this case properly applied the formulae set forth in Hunt v. Stratton, 677 So.2d 64, 67 (Fla. 1st DCA 1996). Contrary to the argument of the e/c, that case clearly holds that total disability benefits may exceed 80% of average weekly wage (AWW) under the circumstances presented here.[1]Id. at 66. Once the initial calculation of the social security offset has been performed, the offset need not be recalculated annually. However, the total amount of benefits receivable after the offset will change annually to account for the cost of living increase provided as PTD supplemental benefits. There is no reasonable basis for concluding that permanently totally disabled claimants whose benefits are reduced by social security offset thereby become ineligible for the statutorily provided PTD supplemental benefit.
With regard to the cross-appeal, we find there was competent substantial evidence to support the decision of the JCC that there was not an unreasonable delay in the claimant being provided with authorized chiropractic care, and no justification for requiring the e/c to pay the bills of the unauthorized chiropractor who treated the claimant *1102 in the short interim between the request for such care and authorization of it.
Accordingly, we AFFIRM.
ERVIN, KAHN and DAVIS, JJ., concur.
NOTES
[1] Specifically, when the preliminary offset amount under the formulae in Hunt v. Stratton exceeds the total amount of the federal social security offset, the final offset is limited to the federal payment and the benefits due may exceed 80% of AWW.