PER CURIAM.
This case involves the question of whether the Division of Workers’ Compensation or the employer/earrier is entitled to the social security offset in a case in which the employer/earrier is required to pay permanent total disability (PTD) benefits, and the Division is required to pay supplemental benefits under subsections 440.15(l)(a) and (l)(e)l, Florida Statutes (1983), respectively.
The facts in this case are undisputed. Claimant suffered a compensable injury on April 3, 1984, and was voluntarily accepted as permanently and totally disabled on June 22, 1992, retroactive to October 8, 1988. The employer/earrier then reduced claimant’s PTD benefits in accordance with the social security offset provided in section 440.15(9), Florida Statutes (1983), beginning in November 1989. In 1992, the Division also began reducing the supplemental benefits by the social security offset. Thus, both the employer/earrier and the Division were utilizing the social security offset to reduce their respective compensation obligations.
We affirm the order determining that the Division had the first right to any available social security offset pursuant to *300 Florida Administrative Code Rule 38F-24.027(5)(c). That rule expressly provides that “[t]he Division shall have first priority in taking any available social security offset on dates of accident prior to July 1, 1984.” In so ruling, we find nothing in the rule that conflicts with either section 440.15(9) or Hunt v. Stratton, 677 So.2d 64 (Fla. 1st DCA 1996).
AFFIRMED.
ERVIN, BOOTH and VAN NORTWICK, JJ„ concur.