733 So.2d 536 (1999)
AMERICANA DUTCH HOTEL and Cigna Property & Casualty Co., Appellants,
v.
Johnny McWILLIAMS, Appellee.
No. 98-2234.
District Court of Appeal of Florida, First District.
March 3, 1999.
Rehearing Denied April 20, 1999.
Herbert A. Langston, Jr. and Kelly Christie Ongie, of Langston, Hess, Bolton, Znosko & Helm, P.A., Maitland, for Appellants.
Bill McCabe, Longwood, for Appellee.
KAHN, J.
In this case, the employer/carrier (E/C) appeal an order of the judge of compensation claims (JCC) concerning the claimant's rate of compensation and the amount of offset to which the E/C are entitled. The E/C raise two points on appeal: (1) the JCC erred in failing to apply the decision in Escambia County Sheriffs Department v. Grice, 692 So.2d 896 (Fla.1997), to supplemental benefits in determining the offset; and (2) the JCC erred in failing to apply Grice to supplemental benefits and cost of living adjustments (COLAs) in determining the offset. We affirm.
Under the first point, the E/C agree that the JCC correctly calculated the claimant's compensation rate of $82.01, according to the formula in Hunt v. Stratton, 677 So.2d 64 (Fla. 1st DCA 1996). The E/C disagree, however, that the correct amount of total weekly workers' compensation benefits is $217.20. The JCC arrived at this figure by adding the compensation rate, $82.01, and the amount of supplemental benefits, $135.19. The E/C argue that, based on Grice, the maximum amount of combined benefits the claimant should receive is $311.97 per week, which is his average weekly wage (AWW). *537 Therefore, argue the E/C, because the claimant's weekly social security disability (SSD) benefit is $125.98, the amount of his weekly compensation benefit, including supplemental benefits, should be $185.99.
We have acknowledged that the decision in Grice did not address supplemental benefits. See Acker v. City of Clearwater, 23 Fla. L. Weekly D1970, ___ So.2d ___, 1998 WL 476168 (Fla. 1st DCA Aug.17, 1998), review pending, No. 93,800 (Fla. filed Aug. 27, 1998). In Grice, the combination of the claimant's workers' compensation, disability retirement, and SSD benefits exceeded his AWW and the employer sought to offset the claimant's permanent total disability benefits based on the excess amount. 692 So.2d at 897-98. The supreme court agreed that such an offset was proper and held that "an injured worker, except where expressly given such a right by contract, may not receive benefits from his employer and other collateral sources which, when totaled, exceed 100% of his average weekly wage." 692 So.2d at 898.
In Acker, the claimant challenged the E/C's practice of recalculating its offset every year based on the 5% annual increase in PTD supplemental benefits. The court found this practice improper:
The purpose of permanent total disability supplemental benefits is clear. The legislature intended to partially offset the effect of inflation by requiring that Employers or the Workers' Compensation Administration Trust Fund, depending on the date of accident, increase benefits being paid by 5% times the number of years since the accident.... We conclude that recalculating the offset every year, so as to include the increase in supplemental benefits, frustrates the intended purpose of supplemental benefits.
Acker, 23 Fla. L. Weekly at D1971, ___ So.2d at ___, 1998 WL 476168. In addition, the court made the following statements regarding Grice:
We recognize that a close review of the facts in the Grice case reveals that increases in supplemental benefits appear to have been included in the yearly calculation of the offset. We note, however, that the precise issue raised in the instant case was not addressed in the Grice case.
Acker, 23 Fla. L. Weekly at D1971, ___ So.2d at ___, 1998 WL 476168. The court indicated it was "bound to give effect to the intended purpose of supplemental benefits, which is to provide a cost-of-living adjustment to injured employees" and "[r]ecalculating the offset so as to include the cost-of-living adjustment would certainly erode that purpose." Id.
In addition, as the JCC explained in his order, the statute addressing supplemental benefits "(a) contemplates that a claimant's regular compensation benefits plus supplemental benefits can exceed a claimant's AWW; and (b) only caps those benefits when they exceed the maximum weekly compensation rate in effect at the time of payment...." Indeed, rather than capping the total of compensation benefits plus supplemental benefits at the claimant's AWW, as argued by the E/C, section 440.15(1)(e)1., Florida Statutes (1985), specifically provides that "[t]he weekly compensation payable and the additional benefits payable pursuant to this paragraph, when combined, shall not exceed the maximum weekly compensation rate in effect at the time of payment as determined pursuant to s. 440.12(2)." The JCC explained that the maximum weekly compensation rate for 1998 is $492.00, which is greater than the amount the claimant should receive pursuant to the JCC's order.
This court's decision in Alderman v. Florida Plastering resolves the E/C's second point on appeal. 23 Fla. L. Weekly D2578, ___ So.2d ___, 1998 WL 798821 (Fla. 1st DCA Nov. 19, 1998), review pending, No. 94,511 (Fla. filed Dec. 14, 1998). In Alderman, the court specifically stated that "it is improper to recalculate a workers' compensation offset, once the initial calculation has been made, based upon any *538 cost-of-living increases in collateral benefits." Id. at D2579, ___ So.2d at ___; see Acker, 23 Fla. L. Weekly at D1971, ___ So.2d at ___, 1998 WL 476168; Cruse Constr. v. St. Remy, 704 So.2d 1100 (Fla. 1st DCA 1997); Hunt v. Stratton, 677 So.2d 64 (Fla. 1st DCA 1996). The court also explained that "Hunt's prohibition against recalculation to account for cost-of-living increase, as reaffirmed in Cruse, is still good law." Alderman, 23 Fla. L. Weekly at D2579, ___ So.2d at ___, 1998 WL 798821.
AFFIRMED.
WOLF and PADOVANO, JJ., concur.