PER CURIAM.
We agree that the judge of compensation claims should have allowed the employer and carrier to utilize the maximum family benefit to calculate the applicable social security offset. We set out the formula for calculating a social security offset in Hunt v. Stratton, 677 So.2d 64 (Fla. 1st DCA 1996). We explained in Hunt that, to determine whether the preliminary offset amount exceeds the “offset which the federal government would otherwise have taken,” in applying the formula, the court must compare the amount of the preliminary offset from Step One of the formula with the “total amount of social security benefits due a claimant and his family, which is the maximum federal social security offset allowed under 42 U.S.C. § 424a(a).... ” Hunt, 677 So.2d at 67.
The judge of compensation claims did not use the maximum federal social security offset, as mandated by Hunt, in this step of the formula.[1] Instead, the judge used the amount of offset that the Social Security Administration had actually taken previously against Burnett’s benefits between May of 1992 and June of 1993. This was error. The offset in this case must be recalculated according to the Hunt formula by using the amount of weekly social security benefits ($216.30) as the maximum social security offset.
Likewise, we agree that the judge erred in denying the claim for reimbursement. In this case, the employer and carrier are entitled to reimbursement for overpayment of workers’ compensation benefits from May 21, 1995, the date the claimant was accepted as permanently and totally disabled. We find no error as to the issues raised in the cross-appeal.
Affirmed in part and reversed in part.
VAN NORTWICK and PADOVANO, JJ., CONCUR.
BENTON, J., CONCURS WITH WRITTEN OPINION.

. The amount of this offset was indicated on the SSA form entered into evidence. When the amount indicated on the form is divided by 4.3 to convert the monthly figure into a weekly figure, the total is $216.30.