737 So.2d 602 (1999)
Sherry CONKLIN, Appellant,
v.
Ernie Haire FORD, and Humana Workers' Compensation Services, Appellees.
No. 98-2804.
District Court of Appeal of Florida, First District.
July 15, 1999.
Vicki L. Stolberg of Barrs, Williamson, Stolberg, Townsend & Gonzalez, P.A., Tampa, for appellant.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
PER CURIAM.
The claimant, Sherry Conklin, appeals a final order by the judge of compensation claims (JCC) determining the applicable offsets against her workers' compensation benefits. We conclude that the JCC's determination that the offset should be recalculated is contrary to prior opinions of this court. The appellees appear to concede that the current state of the law supports reversal, but urge the court to recede from its prior announced position on the propriety of recalculating social security offset based on cost-of-living increases.
In Acker v. City of Clearwater, 23 Fla. L. Weekly D1970, D1971, ___ So.2d ___, ___, 1998 WL 476168 (Fla. 1st DCA Aug. 17, 1998), rev. granted, 24 Fla. L. Weekly 7, 727 So.2d 903 (Fla.1999), this court concluded that "recalculating the offset every year, so as to include the increase in supplemental benefits, frustrates the intended purpose of supplemental benefits." There, we found that the intended purpose of the supplemental benefits is to provide a cost-of-living adjustment to injured employees, and recalculating the offset to include the cost-of-living adjustment would erode that purpose. See id. Thus, in Acker, this court held that increases in the permanent *603 total disability supplemental benefits paid by an employer annually should not be included in the calculation of the disability offset against workers' compensation benefits. See id.
Similarly, in Alderman v. Florida Plastering, 23 Fla. L. Weekly D2578, ___ So.2d ___, 1998 WL 798821 (Fla. 1st DCA Nov. 19, 1998), rev. granted, 24 Fla. L. Weekly 19, 732 So.2d 326 (Fla.1999), this court recently reaffirmed the prohibition previously announced against recalculation to account for cost-of-living increase which we discussed in Hunt v, Stratton, 677 So.2d 64 (Fla. 1st DCA 1996), and Cruse Construction v. St. Remy, 704 So.2d 1100 (Fla. 1st DCA 1997), both of which found that once the initial calculation of social security offset has been performed, the offset need not be recalculated annually. In Alderman, we found that Hunt and Cruse Construction are still good law. See Alderman, 23 Fla. L. Weekly at D2579, ___ So. 2d at ___.
As in Acker and Alderman, we certify the following question to the supreme court:[1]
WHERE AN EMPLOYER TAKES A WORKERS' COMPENSATION OFFSET UNDER SECTION 440.20(15), FLORIDA STATUTES (1985), AND INITIALLY INCLUDES SUPPLEMENTAL BENEFITS PAID UNDER SECTION 440.15(1)(e)1., FLORIDA STATUTES (1985), IS THE EMPLOYER ENTITLED TO RECALCULATE THE OFFSET BASED ON THE YEARLY FIVE PERCENT INCREASE IN SUPPLEMENTAL BENEFITS?
Reversed and remanded.
ERVIN, WOLF and WEBSTER, JJ., concur.
NOTES
[1] We note that the January 1991 compensable injury in the instant case is covered by the 1989 statute; however, the language of the 1989 statute is identical to the 1985 statute referenced in the certified question.