744 So.2d 1163 (1999)
DEPARTMENT OF CHILDREN & FAMILIES, f/k/a Department of HRS, and Division Of Risk Management, Appellants,
v.
Edna MONROE, Appellee.
No. 98-4358.
District Court of Appeal of Florida, First District.
November 1, 1999.
Robert C. Swain of Austin, Ley, Roe, Patsko, Swain, & Diaz, P.A., St. Petersburg, for Appellants.
John H. Thompson, IV, of John H. Thompson, IV, P.A., St. Petersburg, for Appellee.
BENTON, J.
As successor to Edna Monroe's former employer, the Department of Children & Families, together with the Division of Risk Management, appeal a final order awarding her supplemental benefits. The judge of compensation claims rejected the contention that benefits due Ms. Monroe on account of her work-related permanent total disability should be capped at the amount of her average weekly wage at the time of the accident. We affirm.
An industrial accident Ms. Monroe suffered in 1987 rendered her permanently and totally disabled. As a result, she receives basic permanent total disability benefits together with supplemental benefits that increase annually. She is entitled to compensation at the rate of 66 2/3 percent of her average weekly wage plus supplemental benefits calculated by multiplying 5 percent of her weekly compensation rate by the number of years from the date of the accident. See § 440.15(1), Fla. Stat. (1987). At the time of the accident, Ms. Monroe's average weekly wage was $175.84, and her weekly compensation rate was $117.23. In 1997, the combination of permanent total disability ($117.23) and supplemental ($58.61) benefits equaled her average weekly wage at the time of the accident. In 1998, the total exceeded the average weekly wage by $5.86. Purportedly relying on Escambia County Sheriff's Dep't v. Grice, 692 So.2d 896 (Fla.1997), *1164 however, the appellants limited total disability benefits to $175.84 in 1998.
The purpose of supplemental benefits is to allow for increases in the cost of living. See Americana Dutch Hotel v. McWilliams, 733 So.2d 536, 537 (Fla. 1st DCA 1999); Hunt v. Stratton, 677 So.2d 64, 67 (Fla. 1st DCA 1996). Section 440.15(1)(e)1., Florida Statutes (1987), governs the calculation of these benefits.
[T]he injured employee shall receive additional weekly compensation benefits equal to 5 percent of his weekly compensation rate, as established pursuant to the law in effect on the date of his injury, multiplied by the number of calendar years since the date of injury. The weekly compensation payable and the additional benefits payable pursuant to this paragraph, when combined, shall not exceed the maximum weekly compensation rate in effect at the time of payment as determined pursuant to s. 440.12(2).
§ 440.15(1)(e)1., Fla. Stat. (1987) (emphasis supplied). The Legislature has provided a specific statutory cap on benefits, but not the cap appellants urge.
Under section 440.15(1), Florida Statutes (1987), after the tenth annual increase in supplemental benefits following an accident, a permanently and totally disabled claimant will receive 150 percent of the initial compensation rate (100 percent of the average weekly wage) in permanent total disability and supplemental benefits combined. Consequently, with the eleventh annual increase and thereafter, every claimant receiving permanent total disability benefits under the statute is entitled to more than 100 percent of the average weekly wage at the time of the accident (so long as the maximum weekly compensation rate then in effect is not exceeded).
The employer is not entitled to cap benefits in a way that would effectively freeze Ms. Monroe's supplemental disability benefits ten years after her accident. Such a cap would frustrate the purpose of supplemental benefits to offset increases in the cost of living beyond the initial ten years following the accident. See Americana Dutch Hotel, 733 So.2d at 537. Total benefits payable to Ms. Monroe are limited only by the "maximum weekly compensation rate in effect at the time of payment." § 440.15(1)(e)1., Fla. Stat. (1987) (emphasis supplied); see Americana Dutch Hotel, 733 So.2d at 537. The statute does not limit total benefits to the average weekly wage at the time of the accident. The language of the statute is plain. We therefore affirm the final order of the judge of compensation claims insofar as it orders supplemental benefits, although total benefits exceed Ms. Monroe's average weekly wage at the time of the accident.
The Department and the Division also appeal the order insofar as it found Ms. Monroe entitled to attorney's fees. They argue that the judge of compensation claims could not award attorney's fees without specific findings of bad faith at a separate hearing. See § 440.34, Fla. Stat. (1987). But the order does not set the amount of attorney's fees and is therefore non-final and non-appealable as to attorney's fees. See Scullin v. City of Pensacola, 667 So.2d 215, 216 (Fla. 1st DCA 1995); Wometco Enters. v. Cordoves, 650 So.2d 1117, 1118 (Fla. 1st DCA 1995); Employer's Overload of Dade County v. Robinson, 642 So.2d 72, 73 (Fla. 1st DCA 1994); Clay Hyder Trucking v. Lastinger, 586 So.2d 1082 (Fla. 1st DCA 1991); Kolmel Plumbing, Inc. v. Kolmel, 448 So.2d 577 (Fla. 1st DCA 1984); City of Tampa v. Fein, 438 So.2d 442, 443 (Fla. 1st DCA 1983); Sunny Pines Convalescent Ctr. v. Walters, 422 So.2d 1079 (Fla. 1st DCA 1982). The order reserved jurisdiction to set the amount of fees and contemplated further proceedings, if necessary.
Insofar as the order under review is appealable, it is AFFIRMED.
BARFIELD, C.J., and WEBSTER, J., CONCUR.