WEBSTER, J.
In this workers’ compensation case, we construe the “treatment” authorized in the order entered by the judge of compensation claims as intended to be limited to treatment necessarily related to the diagnostic evaluations authorized. See Gulf Life Ins. Co. v. Gennell, 666 So.2d 1017, 1018 (Fla. 1st DCA 1996) (treatment may not be authorized for a condition before it is determined that the condition is causally related to the industrial accident). As so construed, the order authorizing diagnostic evaluations is affirmed. Because the judge of compensation claims determined that claimant was entitled to a reasonable attorney fee, but reserved jurisdiction to determine the amount, we lack jurisdiction to consider the propriety of that portion of the order. See Dep’t of Children & Families v. Monroe, 744 So.2d 1163, 1164 (Fla. 1st DCA 1999) (an order that merely determines entitlement to attorney fees, without setting an amount, is non-final and non-appealable).
AFFIRMED.
ERVIN and BENTON, JJ., CONCUR.